**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 3:22-CV-01131-JBA |
| v. | |
| SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, and RICHARD MIAO, | March 31, 2023 |
| Defendants | |

**DEFENDANTS' MOTION FOR PRE-FILING CONFERENCE**

In accordance with this Court's chambers procedures, Defendants Sema4 Holdings Corp., Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao, respectfully request a pre-filing conference to discuss their anticipated motion to dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 33 (the "Amended Complaint" or "Am. Compl."), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants state as follows:

I.     **BACKGROUND**

1.     This is a putative class action alleging securities fraud and control person liability under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. The Company, now known as GeneDx Holdings Corp., is a public company based in Stamford, CT that is focused on delivering personalized and actionable health insights to inform diagnosis, direct treatment and drug delivery. The individual defendants are current or former officers of the Company.

- 1 -

2.      Securities fraud cases are subject to unique procedural, substantive, and pleading requirements under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 (the "PSLRA").  Because the Amended Complaint does not meet the applicable heightened pleading standards, Defendants intend to file a motion to dismiss.

3.      Plaintiff filed the Amended Complaint on January 30, 2023.  Under the Court's scheduling order, Defendants are required to request a pre-motion conference by March 31, 2023. *See* ECF No. 26.

4.      Accordingly, Defendants file this motion to request a prefiling conference and briefly explain the deficiencies of the Amended Complaint.  Defendants cannot and do not cover every deficiency in this brief submission and therefore expressly reserve the right to assert additional or different arguments in their forthcoming motion to dismiss.

## II.     PLAINTIFFS' CLAIMS ARE SUBJECT TO A HEIGHTENED PLEADING STANDARD UNDER THE PSLRA.

5.      Under Section 10(b), a plaintiff must plead (and eventually prove): (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.  *Stoneridge Inv. Partners, LLC v. Sci.–Atlanta*, 552 U.S. 148, 157 (2008).

6.      The sufficiency of the Amended Complaint is measured by the heightened pleading standards under Federal Rule of Civil Procedure 9(b) and the PSLRA. *See* 15 U.S.C. § 78u–4(b)(2). "The Second Circuit has held that, to survive a motion to dismiss under the PSLRA, a complaint must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why

the statements were fraudulent.'" *Frazier v. VitalWorks, Inc.*, 341 F. Supp. 2d 142, 150 (D. Conn. 2004) (Arterton, J.) (citation omitted)).

7.     To plead scienter, "[t]he PSLRA requires a complaint to 'state with particularity facts giving rise to a strong inference that the defendant acted with' … 'an intent to deceive, manipulate or defraud.'" *Frazier*, 341 F. Supp. at 160 (citation omitted).  "[T]o qualify as 'strong,' an 'inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.'" *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc.*, 531 F.3d 190, 194 (2d Cir. 2008) (citation omitted)).

## III.     THE AMENDED COMPLAINT DOES NOT MEET THE PSLRA'S HEIGHTENED PLEADING STANDARD.

8.     **The Amended Complaint does not adequately plead any false statement or omission.**   Courts in the Second Circuit routinely dismiss complaints (like the Amended Complaint) that engage in so-called "puzzle pleading" that "does little to 'describe[ ] what portion of each quotation constitutes a false representation,' instead 'placing the burden on the Court to sort out the alleged misrepresentations and then match them with the corresponding adverse facts." *Born v. Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 478-79 (S.D.N.Y. 2021) (citation omitted).  To satisfy their heightened pleading standard, plaintiffs must do more than provide "long block quotations with italicized text" followed by the same generalized explanations of why the statements were false. *See Boca Raton Firefighters and Police Pension Fund v. Bahash*, 506 F. App'x 32, 38 (2d Cir. 2012); Am. Compl. ¶¶ 28-74.  The Amended Complaint runs afoul this fundamental principal.

9.     Even disregarding that deficiency, the Amended Complaint fails to plead any actionable misstatement.   The Amended Complaint fails to identify contemporaneous facts

- 3 -

establishing the falsity of each of the challenged statements; in addition, a number of the statements are forward-looking and thus protected by the PSLRA safe harbor, or in certain cases are generalized statements of optimism that are not actionable under governing law.

10. **The Amended Complaint does not adequately plead scienter.** To plead scienter under the PSLRA, "[a] plaintiff may allege 'facts demonstrating that defendants had both the motive and an opportunity to commit fraud," or a plaintiff may allege 'facts to show strong circumstantial evidence of defendants' conscious misbehavior or recklessness." *Frazier*, 341 F. Supp. 2d at 160 (citation omitted). Motive and opportunity are generally pleaded by alleging "unusual" insider trading. *Id.* Notably, the Amended Complaint alleges *no* insider trading. While insider trading is not required to plead securities fraud, courts are reluctant to find a scheme to defraud where defendants did not attempt to benefit from the alleged scheme. *E.g.*, *In re MRU Holdings Sec. Litig.*, 769 F. Supp. 2d 500, 515 (S.D.N.Y. 2011).

11. Rather, the Amended Complaint's scienter allegations, which need to be made on a defendant-by-defendant basis, are generic allegations that could be made of any executive: Defendants' (1) positions as "high-ranking executives," (2) "experience and qualifications," (3) desire for the company to succeed. Am. Compl. ¶¶ 85-92, 98-110. These allegations are insufficient to overcome a motion to dismiss. *See MRU Holdings*, 769 F. Supp. 2d at 515 (Allegations of "universal, generalized motives, such as the desire to avoid loss to the corporation, to preserve a business relationship, and/or to promote [Defendants'] core business" are not sufficient to allege scienter.). "Similarly, the 'core operations' theory at most constitutes 'supplemental support' for alleging scienter but does not independently establish scienter." *Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 163 (S.D.N.Y. Sept. 16, 2015) (citation omitted); *cf.* Am. Compl. ¶¶ 80-84.

12.     The Amended Complaint's confidential witness ("CW") allegations also do not support a compelling inference of scienter.  To be credible, CWs need to have sufficient information establishing a material misstatement, and the CW statements themselves must be indicative of scienter.  *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 799-800 (S.D.N.Y. 2020).  The CWs here do neither.  Indeed, among other deficiencies, the CWs had virtually no contact with any defendant, and thus are not in a position to know what each defendant was allegedly told (much less what they believed) that would establish that each acted with scienter.

13.     **The Amended Complaint does not adequately allege loss causation.**  "Loss causation 'is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff.'"  *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 172 (2d Cir. 2005) (citation omitted).  To plead loss causation, "a plaintiff must allege … that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered."  *Lentell*, 396 F.3d at 175 (citation omitted) (emphasis original).  Here, Plaintiff's theorize that "[t]he truth … was revealed" in an August 15, 2022 announcement.  Am. Compl. ¶ 4.  However, this announcement did not address the subject matter of many of the alleged misstatements.  For example, Plaintiff alleges that "Centralis never existed," *e.g. id.* ¶ 58, but Plaintiff does not identify any corrective disclosure about Centralis (nor does Plaintiff allege any facts to establish Centralis did not exist).  Under these circumstances, loss causation is not adequately pleaded.

14.     Because no claim is pleaded under Section 10(b), the control person claim under Section 20(a) likewise fails.

15.     For all of these reasons, Defendants respectfully request that the Court hold a pre-filing conference and enter a scheduling order for their motion to dismiss the Amended Complaint.

- 5 -

Respectfully submitted,

/s/ *Catherine D. Kevane*
Catherine D. Kevane
District of Connecticut Bar No.: phv207174
FENWICK & WEST, LLP
555 California Street
San Francisco, CA  94104
Telephone: (415) 875-2392
Facsimile: (415) 875-2345
ckevane@fenwick.com

*Counsel for Defendants SEMA4 Holdings Corp., Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao*

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, a copy of the foregoing Defendants' Motion for Pre-Filing Conference was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of the filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Catherine D. Kevane*
Catherine D. Kevane