| | |
|---|---|
| NABIL HELO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, AND RICHARD MIAO,<br><br>Defendants. | Case No.: 3:22-cv-01131-JBA<br><br><br><br><br>April 21, 2023 |

## LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PRE-FILING CONFERENCE

Lead Plaintiff Nabil Helo ("Plaintiff") hereby respectfully submits this response to Defendants Sema4 Holdings Corp. ("Sema4" or the "Company"), Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao's (collectively, "Defendants") motion for pre-filing conference (Dkt. No. 35) in connection with Defendants' proposed motion to dismiss the Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 33; the "Complaint"[1]) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). While Plaintiff does not object to Defendants' request for a conference and recognizes that the Court has scheduled a conference for June 6, 2023, Plaintiff submits this response to address some of Defendants' substantive arguments so that the Court and Defendants have the benefit of Plaintiff's position in advance of the conference. This response is being filed within twenty-one (21) days of Defendants' motion.

---

[1] All citations to "¶__" refer to the Complaint.

1

## I. INTRODUCTION

This is a class action on behalf of all persons and/or entities that purchased or otherwise acquired Sema4's securities between March 14, 2022 and August 15, 2022, inclusive (the "Class Period"), alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. Sema4 is a health technology company focused on diagnostic testing, such as hereditary cancer testing, that sought to expand its business into data and analytics solutions. Sema4 derives most of its revenue from its products focused on women's health. During the Class Period, Defendants touted Sema4's business, operations, and prospects—including increases in payors and reimbursements, and improvements in average selling prices of tests and revenue. However, unknown to investors, Sema4's payors and reimbursements had been problematic going back years before the Class Period and had not resolved at the time of Defendants' positive Class Period statements. On August 15, 2022, to the shock of investors, Defendants revealed that Sema4 had reversed a material $30.1 million of its quarterly revenue related to recoupments from one of its largest commercial payors, that average selling prices per tests ("ASPs") had markedly declined, and that the Company was laying off 13% of its workforce. On this news, Sema4's share price fell 33.3% and its investors lost millions.

## II. LEGAL STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Metz v. U.S. Life Ins. Co. in the City of New York*, 662 F.3d 600, 602 (2d Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

///

///

### III. PLAINTIFF HAS STATED A CLAIM UNDER SECTION 10(B)

To state a claim under §10(b) and Rule 10b-5, a plaintiff must allege: (1) a material misrepresentation or omission ("falsity"); (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *See Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-39 (2011). Defendants challenge only falsity, scienter, and loss causation. As to these and all required elements, the Complaint is sufficient.

#### a. The Complaint Adequately Pleads Falsity

Under §10(b) and Rule 10b-5 promulgated thereunder, "[a] statement is misleading if a reasonable investor would have received a false impression from the statement." *Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 180 (S.D.N.Y. 2010). In assessing falsity, "the proper inquiry requires an examination of defendants' representations, taken together and in context." *Meyer v. Jinksolar Holdings Co., Ltd.*, 761 F.3d 245, 250-51 (2d Cir. 2014).

The Complaint clearly sets forth which of Defendants' statements were materially false and misleading under the Exchange Act with the requisite specificity—the Complaint describes "how" and "why" those statements are actionable (Complaint, ¶¶55-74). Contrary to Defendants' assertions, the Complaint does not engage in "puzzle pleading." The Complaint also identifies contemporaneous facts establishing the falsity of Defendants' challenged statements. For example, the Complaint details the account of a former employee of Sema4, who stated that the Individual Defendants were aware that Sema4's reimbursements were a material problem for the Company at the time of their Class Period Statements and were aware of the problem as early as mid-2020 (¶69)—yet Defendants touted Sema4's improving reimbursements while in possession of these adverse facts (*e.g.,* ¶66).

Further, none of Defendants' statements are protected by the PSLRA safe harbor. Defendants' statements contained misrepresentations of present or historical facts (*e.g.,* ¶66 ("[W]e've got really significant capability that we didn't have just a few quarters ago, we're in a position to … push on several fronts to drive better ASPs."; ¶56 ("[F]rom a reimbursement perspective, we had a bunch of irons in the fire this year to drive better payment so that the revenue

attached to our volume starts to catch up.")). *See In re Vale S.A. Sec. Litig.*, 2017 WL 1102666, at *24 (S.D.N.Y. Mar. 23, 2017) (safe harbor did not protect statements of present fact that company "invested in" certain processes, "have" certain systems, and "uses" certain procedures).

Nor are any of Defendants' misstatements generalized statements of corporate optimism. "Here, the [C]omplaint alleges that the defendants did more than just offer rosy predictions." *Novak v. Kasaks*, 216 F.3d 300, 315 (2d Cir. 2000). Indeed, Defendants stated, *inter alia*, that they were "making good progress and [were] on track with [their] plan to realize better reimbursement[.]" ¶66; *see Novak*, 216 F.3d at 315 (statements that inventory was "in good shape" or "under control" were not puffery or statements of general corporate optimism and were instead actionable "misrepresentations of existing facts").

### b. The Complaint Adequately Pleads Scienter

The PSLRA requires plaintiffs to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. §78u-4(b)(2). "[C]ourts must consider the complaint in its entirety . . . [t]he inquiry is whether **all** of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323 (2007) (emphasis in original). A strong inference of scienter arises if, "[w]hen the allegations are accepted as true and taken collectively," a "reasonable person would deem the inference of scienter at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324-26. "The inference that the defendant acted with scienter need not be irrefutable, *i.e.*, of the smoking-gun genre, or even the most plausible of competing inferences" – the inference need only be equally plausible to any non-culpable inference. *Id.* at 324. Moreover, "at the motion to dismiss stage, a tie on scienter goes to the plaintiff." *City of Pontiac Gen. Empls.' Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 372 (S.D.N.Y. 2012).

In the Second Circuit, plaintiffs may establish scienter in one of two ways: "(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious behavior or recklessness." *Novak*,

216 F.3d at 307.  Plaintiff adequately alleges scienter under both prongs.  First, Plaintiff alleges that Defendants had both motive and opportunity to commit fraud based upon, among other things, their desire to: (1) enter into a lucrative agreement with GeneDx upon raising sufficient capital to finance the acquisition (*see, e.g.*, ¶¶37, 40-42, 44, 49, 50, 52-54, 56, 64-65, 84, 99, 100-03; *Rothman v. Gregor*, 220 F.3d 81, 93 (2d Cir. 2000) ("the artificial inflation of stock price in the acquisition context may be sufficient for securities fraud scienter")); (2) raise much-needed capital to keep Sema4 afloat (*see, e.g.*, ¶¶99-104; *Skiadas v. Acer Therapeutics Inc.*, 2020 WL 3268495, at *11 (S.D.N.Y. June 16, 2020) ("courts have found allegations of motive adequate where the company's needed to fundraise to survive")); (3) comply with debt covenants (*see, e.g.*, ¶¶106-10; *In re Twinlab Corp. Sec. Litig.,* 103 F. Supp. 2d 193, 206 (E.D.N.Y. 2000) (finding scienter where company made an offering "so as to provide it capital to retire debt")); and (4) reap incentive payments (*see, e.g.*, ¶¶104-05; *Nguyen v. New Link Genetics Corp.*, 297 F. Supp. 3d 472, 498 (S.D.N.Y. 2018) (bonuses that are "tied to a specific goal" provide "a specific motive to lie about or manipulate" information about such a goal "since doing so would allow [the individual defendants] to reap a concrete benefit in the form of bonuses")).[2]

Second, Plaintiff also alleges facts that constitute strong circumstantial evidence of conscious behavior or recklessness, including, but not limited to: (1) the accounts of former employees (*see, e.g.*, ¶¶58-64, 68-74, 93-97; *Novak*, 216 F.3d at 314 (scienter can be based upon confidential witnesses where they are described with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged and that the statements are indicative of scienter)); (2) Defendants' access to information that contradicted their public statements (*see, e.g.*, ¶¶58-64, 68-74, 80, 85-97; *Emps.' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 306 (2d Cir. 2015) ("Circumstantial

---

[2] Although Defendants admit that "insider trading is not required to plead securities fraud," (Motion at 4), they ignore many of Plaintiff's other motive allegations.  And even if Plaintiff had alleged no motive all, the "absence of a motive allegation" is "not dispositive." *Matrixx*, 563 U.S. at 48; *Tellabs*, 551 U.S. at 325.

evidence can support an inference of scienter" where defendants "knew facts or had access to information suggesting that their public statements were not accurate")); (3) the core operations inference (*see, e.g.*, ¶¶81-83; *New Orleans Emps. Ret. Sys. v. Celestica, Inc.,* 455 Fed App'x 10, 14 n.3 (2d Cir. 2011) ("allegations of a company's core operations . . . can provide supplemental support for allegations of scienter, even if they cannot establish scienter independently")); and (4) a history of material weaknesses in financial reporting (*see, e.g.*, ¶¶111-13; *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 232 (S.D.N.Y. 2006) ("a failure to maintain sufficient internal controls to avoid fraud is sufficiently indicative of scienter")).[3]

### c. The Complaint Adequately Pleads Loss Causation

The PSLRA provides that "the plaintiff shall have the burden of proving that the act or omission of the defendant alleged . . . caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. §78u-4(b)(4). To adequately plead loss causation, a plaintiff need only "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005). Plaintiff does so by alleging that on August 15, 2022, Sema4 announced: (1) it had reversed a material $30.1 million of its quarterly revenue related to recoupments from one of its largest commercial payors; (2) that ASPs had markedly declined; (3) changes to its research and development leadership team, including that Defendant Schadt was resigning from the Company; (4) that it was eliminating approximately 13% of its workforce; (5) that it would be eliminating the Company's somatic oncology testing business; and (6) that the Company would be shuttering its Branford facility, all of which caused the Company's share price to plummet 33%. ¶¶46-51. Contrary to Defendants' assertion (Motion at 5), the Company's announcement was related to Defendants' misrepresentations and therefore demonstrates that Plaintiff sufficiently alleges loss causation.

---

[3] Contrary to Defendants' contention (Motion at 5), "a plaintiff is not required to allege specific contact" with individual defendants since there "is no baseline requirement of such contact in order to allege sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *Nguyen*, 297 F. Supp. 3d at 484.

## IV. CONCLUSION

For the foregoing reasons, which will be set forth in greater detail in Plaintiff's anticipated opposition to Defendants' motion to dismiss, Plaintiff has stated a claim for violations of the Exchange Act. Plaintiff reserves the right to assert additional arguments in opposition to Defendants' proposed motion to dismiss the Complaint.

DATED: April 21, 2023

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By: *s/ Ex Kano S. Sams II*

Ex Kano S. Sams II (admitted *pro hac vice)*
Natalie S. Pang (admitted *pro hac vice)*
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
Email: esams@glancylaw.com
Email: npang@glancylaw.com

**HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC**
David A. Slossberg [ct13116]
Kristen L. Zaerhringer [ct27044]
147 North Broad Street
Milford, CT 06460
Tel: (203) 877-8000
Fax: (203) 878-9800
Email: DSlossberg@hssklaw.com
Email: KZaerhringer@hssklaw.com

*Counsel for Lead Plaintiff and the Class*