

555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Dean S. Kristy
dkristy@fenwick.com  |  415.875.2387

September 27, 2024

VIA ECF

Honorable Vernon D. Oliver
United States District Court of Connecticut
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street
Hartford, CT 06103

> Re:    Helo v. Sema4 Holdings Corp., et al. (D. Conn. Case No. 3:22-CV-01131(VDO))

Dear Judge Oliver:

In accordance with the Court's chambers procedures, Defendants Sema4 Holdings Corp.,[1] Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao (collectively "Defendants"), respectfully request a pre-filing conference to discuss their anticipated motion to dismiss the Second Amended Class Action Complaint, ECF No. 57 (the "SAC"), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## 1. Background

This is a putative class action alleging securities fraud and control person liability under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  The Amended Complaint ("AC"), alleging a class period from March 14, 2022 to August 15, 2022, focused heavily on purported misrepresentations concerning the Company's financial results, average selling prices, test volumes, and reimbursements from and potential liabilities to third party-payors. *See* ECF No. 54 at 4.  The AC also set forth allegations concerning the Company's data platform, called Centrellis, including an allegation that it "did not exist."

On July 31, 2024, the Court issued the Memorandum & Order Granting Defendants' Motion to Dismiss in which the Court held that:  "Plaintiff has failed to plausibly allege any misleading or false statements regarding financial results, ASPs, test volumes, and reimbursements." ECF No. 54 at 15.  Plaintiff has abandoned those claims – which were the foundation for this case – in the SAC.

With respect to the allegations concerning Centrellis, on which the SAC now depends, the Court held that while the allegations in the AC supported "the claim that statements regarding Centrellis were misleading," the "allegations fail to raise a strong inference of

---

[1] As of January 9, 2023, Sema4 Holdings Corp. is now known as GeneDx Holdings Corp.

Honorable Vernon D. Oliver
September 27, 2024
Page 2

scienter." *Id.* at 14, 21.  The SAC does not cure these defects and the allegations about Centrellis fail as a matter of law.  Remarkably, despite filing two prior pleadings (both the original complaint and the AC) and having been appointed lead plaintiff based on the original alleged class period, the SAC also inexplicably seeks for the first time to expand the class period to start on January 18, 2022.  SAC ¶ 1.  Nothing in the Court's order provided for such an expansion.

**2. The SAC does not adequately plead scienter.**

There are no misstatements concerning Centrellis (which even the SAC at times concedes did exist), but the case fails regardless.[2]  The Court found that the FAC's allegations of motive, circumstantial evidence, and exposure to information within the Company were insufficient to establish scienter.  Among other defects, the SAC "improperly treats the defendants as an undifferentiated group" and "even if Plaintiff pled the circumstances regarding fraud with particularity on a defendant-by-defendant basis, the allegations fail to raise a strong inference of scienter."  ECF No. 54 at 19-22.  Rather than address these infirmities, the SAC repeats the same defective allegations verbatim.  ECF 57-1, ¶¶ 80-91, 107-124.  As before, none of these allegations establish scienter.

With respect to the former employees (FE), to be credible, they must have sufficient information establishing a material misstatement, and the CW statements themselves must be indicative of scienter.  *Long Miao v. Fanhua, Inc*., 442 F. Supp. 3d 774, 799-800 (S.D.N.Y. 2020).  In dismissing the prior compliant, the Court found that because there were no allegations about "interactions with the Individual Defendants that involved Centrellis" the allegations were "not probative of Defendants' mental state."  ECF No. 54 at 22.  The SAC does not cure this defect.

First, none of the FEs allege that they had a single interaction with Stueland regarding Centrellis.  Indeed, at the beginning of the class period (both the original and purported expanded one), Stueland did not even work at the Company.  As to Ro and Miao, only FE2 claims to have interacted with them, alleging in the most generalized terms that they "discussed Centrellis with both individuals."  SAC ¶ 97.  There are no allegations as to the context of those discussions, when they occurred, or any other particularized facts that could possibly establish scienter.

As to Schadt, only FE2 and FE3 claim to have been in meetings with Schadt at which "Centrellis was regularly mentioned."  *Id.* ¶ 100.  Nowhere, however, do the allegations provide specific details of what was communicated, when the meetings occurred, or any of the other

---

[2] A number of the statements about Centrellis were forward-looking and are protected by the safe harbor for forward-looking statements under the Private Securities Litigation Reform Act of 1995.  *E.g.*, SAC ¶¶ 64-65.

Honorable Vernon D. Oliver
September 27, 2024
Page 3

information that could conceivably support a strong inference of scienter. *Sun v. TAL Educ. Grp.*, 2023 WL 6394413, at *31 (S.D.N.Y. Sept. 29, 2023) (finding conclusory allegations regarding confidential witness to be insufficient to show scienter). At most, FE2 alleges that at some unspecified time, "Schadt had voiced doubts about the Company's ability to make Centrellis a meaningful product before the Company's funding ran out." SAC ¶ 96. But such vague allegations "do little to demonstrate that any of the challenged statements were false or misleading *at the time they were made*." *Woolgar v. Kingstone Cos.*, 477 F. Supp. 3d 193, 221-22 (S.D.N.Y. 2020); *see also Malin v. XL Cap. Ltd.*, 499 F. Supp. 2d 117, 141-42 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009).

Nor do the opinions of the FEs do anything to contribute to scienter especially where, as here, there is no allegation that any of the FE's "discomfort" or "disagree[ments]" were actually communicated to any Defendant. *Cf.* SAC ¶¶ 104-05. *Malin*, 499 F. Supp. 2d at 140-42.

### 3.  The SAC does not allege loss causation.

"[T]o establish loss causation, 'a plaintiff must allege . . . that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered.'" *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005) (citation omitted). Here, the SAC alleges that the "truth . . . was revealed" in an August 15, 2022 announcement. SAC ¶ 10. But the only mention of Centrellis in that announcement was that the data platform remained central to the Company's strategy. At no point did any defendant (or any analyst) say that Centrellis did "not" exist, because that claim is baseless. In any event, any alleged statement or omission regarding Centrellis under the most generous reading of the SAC could not have caused any loss as required by Section 10(b). *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005). Because the Section 10(b) claim fails, so does the control person claim under Section 20(a).

Defendants respectfully request that the Court hold a pre-filing conference or, in the event the Court finds such conference unnecessary, enter the following briefing schedule agreed upon by the parties: Defendants' motion on November 22, 2024; Plaintiff's opposition on January 21, 2025; and Defendants' reply on February 20, 2025.

Sincerely,

FENWICK & WEST LLP

*/s/ Dean S. Kristy*

Dean S. Kristy

DSK:ldk