

Ex Kano S. Sams II
esams@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

October 4, 2024

**VIA ECF**

Honorable Vernon D. Oliver
United States District Court
District of Connecticut
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street
Hartford, Connecticut 06103

Re:    *Helo v. Sema4 Holdings Corp. et al.* (D. Conn. Case No.: 3:22-cv-01131-VDO)

Dear Judge Oliver:

Pursuant to the Court's Pretrial Preferences, Lead Plaintiff Nabil Helo ("Plaintiff") responds to the pre-filing conference letter submitted by Defendants Sema4 Holdings Corporation ("Sema4" or the "Company") (now known as GeneDX Holdings Corporation), Eric Schadt ("Schadt"), Katherine Stueland, Isaac Ro, and Richard Miao ("Defendants") (Dkt. No. 61) regarding Defendants' anticipated motion to dismiss Plaintiff's Second Amended Complaint ("SAC") (Dkt. No. 57). Contrary to Defendants' contention, Plaintiff adequately states claims pursuant to the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder.

## I.    BACKGROUND

Sema4 is a health diagnostics testing company. Between January 18, 2022 and August 15, 2022, inclusive ("Class Period"), the Company derived the majority of its revenue from its diagnostic testing focused on women's health and oncology. Sema4, however, sought to shift its core business to data and analytics solutions by building and commercializing its health intelligence platform called Centrellis. Though the Company had suffered net losses since its inception and was critically low on cash, Sema4's prospects appeared to improve greatly when Sema4 announced on January 18, 2022, that it had reached a deal to acquire GeneDx, a leader in rare disease genomic testing and analysis. Throughout the Class Period, Defendants touted Centrellis as a highly sophisticated, multi-layered platform with AI-driven analytical capabilities that would allow Sema4 to leverage the vast amount of human health data that Sema4 had obtained through its health system partnerships. However, according to high-ranking former employees, the Company's representations about Centrellis's capabilities and prospects were false and misleading.

The truth regarding Defendants' misrepresentations was revealed on August 15, 2022, when Sema4 announced significant changes to its core R&D strategy and overall approach. Defendants

The Honorable Vernon D. Oliver
October 4, 2024
Page 2

effectively admitted that Centrellis lacked the capabilities to leverage any of the human health data that it had obtained from its health system partnerships and that the Company had a long way to go to make Centrellis a viable product.  Sema4 further disclosed that Defendant Schadt – whose primary focus had been the Centrellis project – was departing from his roles as President and Chief R&D Officer, and that the Company was eliminating approximately 250 employees, bringing the percentage of legacy Sema4 employees that had been eliminated up to that point in 2022 to about 30%. On this news, Sema4's stock plummeted more than 33%, causing significant losses for investors.

## II.    PLAINTIFF ADEQUATELY PLEADS VIOLATIONS OF THE EXCHANGE ACT

To state a claim under the Exchange Act, a plaintiff must allege: (1) a material misrepresentation or omission ("falsity"); (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 37-39 (2011).  Defendants challenge only scienter and loss causation.[1]

### A.    Plaintiff Adequately Pleads Scienter

In evaluating scienter, "courts must consider the complaint in its entirety . . . [t]he inquiry is whether ***all*** of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323 (2007) (emphasis in original). The inference "need not be irrefutable, *i.e.*, of the smoking-gun genre, or even the most plausible of competing inferences" – the inference need only be equally plausible to any non-culpable inference. *Id.* at 324. Plaintiff may do so: "(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious behavior or recklessness." *Novak v. Kasaks*, 216 F.3d 300, 307 (2d Cir. 2000).

Plaintiff has done both. First, Defendants were motivated to: (1) enter into a lucrative agreement with GeneDx upon raising sufficient capital to finance the acquisition (*see, e.g.*, ¶¶50, 53, 82; *Rothman v. Gregor*, 220 F.3d 81, 93 (2d Cir. 2000) ("the artificial inflation of stock price in the acquisition context may be sufficient for securities fraud scienter")); (2) raise much-needed capital to keep Sema4 afloat (*see, e.g.*, ¶¶107-119; *Skiadas v. Acer Therapeutics Inc.*, 2020 WL 3268495, at *11 (S.D.N.Y. June 16, 2020) ("courts have found allegations of motive adequate where the company[] needed to fundraise to survive")); (3) comply with debt covenants (*see, e.g.*, ¶¶115-16; *In re Twinlab Corp. Sec. Litig.*, 103 F. Supp. 2d 193, 206 (E.D.N.Y. 2000) (finding scienter where company made an offering "so as to provide it capital to retire debt")); and (4) reap incentive payments (*see, e.g.*, ¶114; *Nguyen v. New Link Genetics Corp.*, 297 F. Supp. 3d 472, 498 (S.D.N.Y. 2018) (bonuses that are "tied to a specific goal" provide "a specific motive to lie about or manipulate" information about

---

[1] The Court previously found that Plaintiff's "allegations support with particularity the claim that statements regarding Centrellis were misleading." *Helo v. Sema4 Holdings Corp.*, 2024 WL 3593677, at *7 (D. Conn. July 31, 2024). And although Defendants complain about the extension of the Class Period, nothing in the Private Securities Litigation Reform Act of 1995 limits the class period to the period identified in the first notice. *Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016).

The Honorable Vernon D. Oliver
October 4, 2024
Page 3

such a goal "since doing so would allow [the individual defendants] to reap a concrete benefit in the form of bonuses")). Second, the SAC also includes facts constituting strong circumstantial evidence of scienter, including, but not limited to: (1) the accounts of former employees (*see, e.g.*, ¶¶29-41; 92-106; *Novak*, 216 F.3d at 314 (confidential witnesses can support a strong inference of scienter)); (2) Defendants' access to information and the core operations inference (*see, e.g.*, ¶¶80-91; *Emps.' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 306 (2d Cir. 2015) (scienter can be established where defendants "knew facts or had access to information suggesting that their public statements were not accurate"); *New Orleans Emps. Ret. Sys. v. Celestica, Inc.*, 455 Fed App'x 10, 14 n.3 (2d Cir. 2011) ("allegations of a company's core operations . . . can provide supplemental support for allegations of scienter")); (3) a history of material weaknesses in financial reporting (*see, e.g.*, ¶¶120-22; *In re Veeco Instruments, Inc. Sec. Litig.*, 235 F.R.D. 220, 232 (S.D.N.Y. 2006) ("a failure to maintain sufficient internal controls to avoid fraud is sufficiently indicative of scienter")); and (4) Defendants' false certifications made pursuant to the Sarbanes-Oxley Act of 2002 (*see, e.g.*, ¶83; *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 655 (S.D.N.Y. 2017) (SOX certifications actionable). And although the Court found that Plaintiff's prior complaint lacked the requisite scienter, the Court must view Plaintiff's allegations holistically with the new facts alleged, which collectively demonstrate scienter. Also, the specificity demanded by Defendants is not required. *See In re Scholastic Corp. Sec. Litig.*, 252 F.3d63, 72 (2d Cir. 2001) ("Even with the heightened pleading standard under Rule 9(b) and the Securities Reform Act, we do not require the pleading of detailed evidentiary matter in securities litigation."). Thus, Plaintiff adequately pleads scienter.

### B.      Plaintiff Adequately Pleads Loss Causation

To adequately plead loss causation, a plaintiff need only "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005). Plaintiff has done so here by alleging that the undisclosed risks of Defendants' fraud materialized on August 15, 2022, and that the price of Sema4's stock plummeted more than 33%. ¶¶10-12, 55-61, 74-79. Specifically, Defendants: (1) effectively admitted that Centrellis lacked the capabilities they touted; (2) disclosed that Defendant Schadt – whose focus had been the Centrellis project – was departing; and (3) announced that the Company was eliminating approximately 250 employees. *Id*. Contrary to Defendants' assertions, these facts adequately allege loss causation.

### III.      CONCLUSION

Plaintiff has stated a claim for violations of the Exchange Act. Plaintiff agrees with Defendants that in the event the Court finds a pre-filing conference is unnecessary, the following briefing schedule is amenable: Defendants to file the motion on November 22, 2024; Plaintiff to file an opposition on January 21, 2025; and Defendants to file a reply on February 20, 2025.

Very truly yours,

*s/ Ex Kano S. Sams II*

Ex Kano S. Sams II