**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>v.<br><br>SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, and RICHARD MIAO,<br><br>           Defendants. | CASE NO.: 3:22-CV-01131-VDO<br><br><br>July 24, 2025 |

## ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants Sema4 Holdings Corp. ("Sema4" or the "Company"),[1] Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao (collectively "Defendants"), hereby answer Plaintiff's Second Amended Class Action Complaint for Violations of the Federal Securities Laws, dated September 13, 2024 (ECF No. 57, the "SAC").

Except as expressly admitted herein, Defendants deny all factual allegations in the SAC. Paragraph numbers in this Answer and the responses contained therein correspond and respond to the allegations in the like-numbered paragraphs of the SAC. To the extent the paragraphs in the SAC are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required. To the extent a response is necessary, Defendants deny each heading and sub-heading in the SAC and incorporate by reference this response in each paragraph

---

[1] After the period relevant to this suit, the Company changed its name (in January 2023) to GeneDx Holdings Corp.

1

below as if fully set forth therein.  Defendants deny any characterization, including bolding, italics, or paraphrasing of any alleged statement that does not quote the actual complete statement in context.  To the extent Defendants respond that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are truthful, accurate, or complete.  Defendants reserve the right to revise, amend, or supplement these responses as the facts may develop or circumstances may warrant.

On July 31, 2024 and June 23, 2025, the Court issued orders on Defendants' motions to dismiss (ECF Nos. 54, 71).  To the extent any of Plaintiff's allegations in the SAC relate to claims that were dismissed, Defendants refer Plaintiff to the orders.

Subject to the foregoing, Defendants answer as follows:

1.      Defendants admit that Plaintiff purports to bring a putative securities class action under the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of purchasers or acquirers of the securities of Sema4 Holdings Corp. and admit that Plaintiff purports to represent a class beginning January 18, 2022 and ending August 15, 2022.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 1 of the SAC.

2.      Defendants admit that Sema4 was a patient-centered, health intelligence company with a mission to use artificial intelligence, or AI, and machine learning to enable personalized medicine for all.  In response to the first sentence of Paragraph 2 of the SAC, Defendants admit that the SAC quotes a portion of Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022; however, the quoted portion has been modified, taken out of context, and is incomplete, and Defendants respectfully refer the Court to the complete document for its contents.  In response to the second and third sentences of Paragraph 2 of the SAC, Defendants admit that as of March 14, 2022—and as disclosed in the

Company's form 10-K, filed with the SEC on that same date—Sema4 sought to commercialize its products, including its Centrellis health intelligence platform, and derived the majority of its revenue from diagnostic testing which included solutions centered around women's health and oncology. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 2 of the SAC.

3.      No response is required to Paragraph 3 of the SAC to the extent it contains Plaintiff's characterization of Sema4's financial metrics and business strategy. To the extent any response is required, Defendants admit that Sema4 had net losses prior to the start of the Class Period. Defendants admit that Sema4 issued a press release on January 18, 2022 announcing that it had entered into a definitive agreement to acquire genomic testing company GeneDx, which press release speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 3 of the SAC.

4.      Defendants admit that in Paragraph 4 of the SAC Plaintiff purports to reference, characterize, and quote selectively certain statements from a January 18, 2022 Sema4 press release, which statements speak for themselves; however, the quoted portions are incomplete as modified, and Defendants respectfully refer the Court to the complete press release for its contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 4 of the SAC.

5.      Defendants state that Plaintiff does not identify the source of the allegations in Paragraph 5 of the SAC, which renders it unduly vague and improperly forces Defendants to speculate about their supposed basis. To the extent they are able to respond, Defendants admit that in Paragraph 5 Plaintiff purports to reference and characterize selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the

SEC on March 14, 2022 and speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 5 of the SAC.

6.      Defendants admit that in Paragraph 6 of the SAC Plaintiff purports to reference and quote selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022.  That document speaks for itself and is the best evidence of its contents.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 6 of the SAC.

7.      Defendants deny the allegations in Paragraph 7 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the former employees referenced in Paragraph 7, and on that basis deny each and every such allegation.

8.      Defendants deny the allegations in Paragraph 8 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the former employee referenced in Paragraph 8, and on that basis deny each and every such allegation.

9.      Defendants deny the allegations in Paragraph 9 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the former employee referenced in Paragraph 9, and on that basis deny each and every such allegation.

10.      Paragraph 10 of the SAC asserts characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 10, except admit that on August 15, 2022, Sema4 issued two press releases—one of which announced changes to its research and development leadership while the other announced

corporate restructuring and financial results for the quarter ended June 30, 2022—and admit that in Paragraph 10 Plaintiff purports to reference and characterize selectively certain statements from those August 15, 2022 press releases, which statements speak for themselves.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 10 of the SAC.

11.     Defendants deny the allegations in Paragraph 11 of the SAC, except admit that: (1) on August 15, 2022 Sema4 issued a press release stating that Mr. Schadt was resigning from his role as President and Chief Research & Development Officer and that the Company had appointed a Chief Technology and Product Officer as well as a Chief Science Officer; (2) on August 15, 2022 Sema4 issued a separate press release announcing the Company's elimination of approximately 250 positions, which brought the percentage of legacy Sema4 employees eliminated in 2022 to approximately 30%; and (3) on August 15, 2022, Sema4 held an earnings conference call for the second quarter of fiscal year 2022 during which Ms. Stueland announced that the Company's Chief Technology and Product Officer and Chief Science Officer would continue to invest in the development of commercial products by using the data developed and curated on the Centrellis platform.  To the extent plaintiffs purport to characterize and/or selectively quote from the August 15, 2022 press releases or earnings conference call transcript, such documents speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 11 of the SAC.

12.     Paragraph 12 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12, except state that to the extent Plaintiff purports to describe the price of Sema4 securities on certain dates, that information is a matter of public record.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 12 of the SAC.

13.     Paragraph 13 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13, except admit that Plaintiff purports to assert claims that arise under the statutes and rules cited in Paragraph 13 of the SAC.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 13 of the SAC.

14.     Defendants admit the allegations in Paragraph 14 of the SAC.

15.     Defendants admit the allegations in the first sentence of Paragraph 15 of the SAC and deny the allegations in the second sentence to the extent they call for a legal conclusion and suggest that Defendants committed acts in violation of the Exchange Act.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 15 of the SAC.

16.     Defendants deny each and every allegation in Paragraph 16 of the SAC to the extent it calls for a legal conclusion and suggests that Defendants committed acts in violation of the Exchange Act.

17.     Defendants admit that Lead Plaintiff Nabil Helo previously filed a certification purporting to attest to his purchase of Sema4 securities during the Class Period, but state that they lack knowledge or information sufficient to form a belief as to the truth of the representations made in the certification, and on that basis deny the allegations regarding Mr. Helo's securities purchase.  Defendants likewise deny Plaintiff's characterization of stock price fluctuation to the extent it calls for a legal conclusion and suggests that Defendants committed acts in violation of the Exchange Act.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 17 of the SAC.

18.     Defendants deny the allegations in Paragraph 18 of the SAC to the extent they suggest the Company presently operates under the name Sema4 and issues securities traded under

6

the "SMFR" and "SMFRW" symbols, except admit that during at least part of the period relevant to this suit Sema4 was incorporated under the laws of Delaware, had principal executive offices in Stamford Connecticut, and listed common stock traded on the NASDAQ exchange under the symbol "SMFR" as well as stock warrants traded on the NASDAQ exchange under the symbol "SMFRW." Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 18 of the SAC.

19.    Defendants deny the allegations in Paragraph 19 of the SAC, except admit that Mr. Schadt is a founder of Sema4, served as its Chief Executive Officer until April 29, 2022, and served as its President and Chief Research & Development Officer from April 29, 2022 to August 15, 2022. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 19 of the SAC.

20.    Defendants deny the allegations in Paragraph 20 of the SAC, except admit that Ms. Stueland has served as the Company's Chief Executive Officer since April 2022 and served as the President and Chief Executive Officer of GeneDx prior to the Company's acquisition of GeneDx.

21.    Defendants deny the allegations in Paragraph 21 of the SAC, except state that Mr. Ro has served as the Company's Chief Financial Officer from July 2021 to August 9, 2022 and that the Company announced on June 14, 2022 that Mr. Ro would provide consulting services to Sema4 for six months. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 21 of the SAC.

22.    Defendants deny the allegations in Paragraph 22 of the SAC, except state that Mr. Miao served as Sema4's Interim Chief Financial Officer from June 13, 2022 to September 2, 2022.

23.    Paragraph 23 of the SAC contains no allegations of fact to which a response is required. To the extent that a response is required, Defendants admit that Paragraph 23 purports to collectively refer to Mr. Schadt, Ms. Stueland, Mr. Ro, and Mr. Miao as the "Individual Defendants" and to collectively refer to the Company and the Individual Defendants as "Defendants." However, Defendants state that Plaintiff's designations improperly lump Mr. Schadt, Ms. Stueland, Mr. Ro, and Mr. Miao together as a group, placing an unwarranted burden on Defendants to try to ascertain which of them made the particular statements or parts of statements at issue in the SAC paragraphs that follow.

24.    Paragraph 24 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein except admit that: Mr. Schadt served as Sema4's Chief Executive Officer from founding to April 2022 and as Sema4's President and Chief Research & Development Officer from April to August 2022; Ms. Stueland has served as the Company's Chief Executive Officer since April 2022; Mr. Ro served as Sema4's Chief Financial Officer from July 2021 to August 2022; and Mr. Miao served as the Company's Interim Chief Financial Officer from June to September 2022. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 24 of the SAC.

25.    The allegations in Paragraph 25 of the SAC assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein except admit that: Mr. Schadt served as Sema4's Chief Executive Officer from founding to April 2022 and as Sema4's President and Chief Research & Development Officer from April to August 2022; Ms. Stueland has served as the Company's Chief Executive Officer since April 2022; Mr. Ro served as Sema4's Chief Financial Officer from July 2021 to August 2022; and Mr. Miao

served as the Company's Interim Chief Financial Officer from June to September 2022.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 25 of the SAC.

26.    Paragraph 26 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

27.    The allegations in Paragraph 27 of the SAC assert legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein except admit that:  Mr. Schadt served as Sema4's Chief Executive Officer from founding to April 2022 and as Sema4's President and Chief Research & Development Officer from April to August 2022; Ms. Stueland has served as the Company's Chief Executive Officer since April 2022; Mr. Ro served as Sema4's Chief Financial Officer from July 2021 to August 2022; and Mr. Miao served as the Company's Interim Chief Financial Officer from June to September 2022.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 27 of the SAC.

28.    Paragraph 28 of the SAC consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 28 of the SAC.

29.    Defendants deny the allegations in Paragraph 29 of the SAC, except admit that the Company appointed Andrew Kasarskis as Chief Data Officer in June 2021 and that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the former employee referenced in Paragraph 29, and on that basis deny each and every such allegation.

30.    Defendants deny the allegations in Paragraph 30 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations

regarding the purported statements of the former employee referenced in Paragraph 30, and on that basis deny each and every such allegation.

31. Defendants deny the allegations in Paragraph 31 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the former employee referenced in Paragraph 31, and on that basis deny each and every such allegation.

32. Defendants deny the allegations in Paragraph 32 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported scope of business and statements of the former employee referenced in Paragraph 32, and on that basis deny each and every such allegation.

33. Defendants deny the allegations in Paragraph 33 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 33, and on that basis deny each and every such allegation.

34. Defendants deny the allegations in Paragraph 34 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 34, and on that basis deny each and every such allegation.

35. Defendants deny the allegations in Paragraph 35 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and responsibilities of the former employee referenced in Paragraph 35, and on that basis deny each and every such allegation.

36.     Defendants deny the allegations in Paragraph 36 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 36, and on that basis deny each and every such allegation.

37.     The allegations in the second sentence of Paragraph 37 consist of characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every such allegation.  Defendants likewise deny the remaining allegations in Paragraph 37 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 37, and on that basis deny each and every such allegation.

38.     The allegations in the second and third sentences of Paragraph 38 of the SAC consist of characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every such allegation.  Defendants likewise deny the remaining allegations in Paragraph 38 of the SAC, except admit that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 38, and on that basis deny each and every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 38 of the SAC.

39.     Defendants deny the allegations in Paragraph 39 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 39, and on that basis deny each and every such allegation.

11

40.    Defendants deny the allegations in Paragraph 40 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from a March 14, 2022 Sema4 press release and a June 16, 2022 Goldman Sachs conference transcript, which statements speak for themselves.  Defendants also state they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 40, and on that basis deny each and every such allegation.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 40 of the SAC.

41.    Defendants deny the allegations in Paragraph 41 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 41, and on that basis deny each and every such allegation.

42.    Defendants admit the allegations in Paragraph 42 of the SAC.

43.    Defendants deny the allegations in Paragraph 43 of the SAC, except admit that Sema4 was a patient-centered, health intelligence company with a mission to use artificial intelligence, or AI, and machine learning to enable personalized medicine for all.  In response to the first sentence of Paragraph 43 of the SAC, Defendants admit that as of March 14, 2022—and as disclosed in the Company's form 10-K, filed with the SEC on that same date—the Company derived the majority of its revenue from diagnostic testing, which included solutions centered around women's health and oncology.  In response to the second sentence of Paragraph 43, Defendants admit that as of March 14, 2022—and as disclosed in the Company's form 10-K filed with the SEC on that same date—Sema4 sought to commercialize its products, including its

Centrellis health intelligence platform.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 43 of the SAC.

44.    Defendants state that Plaintiff fails to identify the source of the statements they purport to reference, characterize, and quote in Paragraph 44 of the SAC, which renders the allegations unduly vague and improperly forces Defendants to speculate about their supposed basis.  To the extent Plaintiff purports to reference, characterize, and quote selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022, that document speaks for itself and is the best evidence of its contents.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 44 of the SAC.

45.    Defendants state that Plaintiff fails to identify the source of the statements they purport to reference and characterize in Paragraph 45 of the SAC, which renders the allegations unduly vague and improperly forces Defendants to speculate about their supposed basis.  To the extent Plaintiff purports to reference and characterize selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022, that document speaks for itself and is the best evidence of its contents.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 45 of the SAC.

46.    Defendants state that Plaintiff fails to identify the source of the statements they purport to reference and characterize in Paragraph 46 of the SAC, which renders the allegations unduly vague and improperly forces Defendants to speculate about their supposed basis.  To the extent Plaintiff purports to reference and characterize selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March

14, 2022, that document speaks for itself and is the best evidence of its contents. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 46 of the SAC.

47. Defendants state that Plaintiff fails to identify the source of the statements they purport to reference, characterize, and quote in Paragraph 47 of the SAC, which renders the allegations unduly vague and improperly forces Defendants to speculate about their supposed basis. To the extent Plaintiff purports to reference, characterize, and quote selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022, that document speaks for itself and is the best evidence of its contents. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 47 of the SAC.

48. Defendants state that Plaintiff fails to identify the source of the statements they purport to reference and characterize in Paragraph 48 of the SAC, which renders the allegations unduly vague and improperly forces Defendants to speculate about their supposed basis. To the extent Plaintiff purports to reference and characterize selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022, that document speaks for itself and is the best evidence of its contents. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 48 of the SAC.

49. No response is required to Paragraph 49 of the SAC to the extent it contains Plaintiff's characterization of and/or legal conclusions regarding the market's behavior and Sema4's business strategy. To the extent any response is required, Defendants deny the allegations in Paragraph 49 of the SAC, except admit that Sema4 had net losses prior to the start of the Class Period, including an accumulated deficit of approximately $575.4 million as of December 31, 2021, and issued a press release on January 18, 2022 announcing that it had entered

into a definitive agreement to acquire genomic testing company GeneDx for a purchase price of approximately $623 million.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 49 of the SAC.

50.    Defendants state that Plaintiff fails to identify the source of the statements they purport to reference and characterize in Paragraph 50 of the SAC, which renders the allegations unduly vague and improperly forces Defendants to speculate about their supposed basis.  To the extent Plaintiff purports to reference and characterize selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021 and from Sema4 press releases issued on January 18, 2022 and May 2, 2022, such statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 50 of the SAC.

51.    Defendants deny the allegations in Paragraph 51 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from a January 18, 2022 Sema4 press release, which statements speak for themselves; however, the quoted portions are modified and incomplete, and Defendants respectfully refer the Court to the complete press release for its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 51 of the SAC.

52.    Defendants deny the allegations in Paragraph 52 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from a Sema4 press release issued on March 14, 2022.  That press release does not contain any of the language quoted in Paragraph 52.  To the extent Plaintiff intended to reference, characterize, and quote certain statements from Sema4's March 14, 2022 earnings conference call for the fourth quarter of fiscal year 2021, such statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 52 of the SAC.

53.     Defendants deny the allegations in Paragraph 53 of the SAC, except admit that Plaintiff purports to reference and characterize selectively certain statements from a May 2, 2022 Sema4 press release, which statements speak for themselves.  Defendants further deny the allegations in Paragraph 53 on the basis that the May 2, 2022 press release does not state that Mr. Schadt would focus on growing Centrellis or that Mr. Schadt and Ms. Stueland would serve as co-CEOs of the Company.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 53 of the SAC.

54.     Defendants deny the allegations in Paragraph 54 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from a June 16, 2022 Goldman Sachs conference transcript, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 54 of the SAC.

55.     The first three sentences of Paragraph 55 consist of characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the SAC, except admit that in the remaining portion of the Paragraph Plaintiff purports to reference and quote selectively certain statements from Sema4's August 15, 2022 earnings conference call for the second quarter of fiscal year 2022, which statements speak for themselves; however, the quoted portions of the earnings call transcript have been modified, taken out of context, and are incomplete, and Defendants respectfully refer the Court to the complete transcript for its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 55 of the SAC.

56.     Defendants admit that in Paragraph 56 of the SAC Plaintiff purports to reference and quote selectively certain statements from Sema4's August 15, 2022 earnings conference call for the second quarter of fiscal year 2022, which statements speak for themselves; however, the

16

quoted portions of the earnings call transcript have been modified, taken out of context, and are incomplete, and Defendants respectfully refer the Court to the complete transcript for its contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 56 of the SAC.

57.     Defendants admit that in Paragraph 57 of the SAC Plaintiff purports to reference and quote selectively certain statements attributed to an August 15, 2022 Sema4 press release; however, that press release does not contain any of the language quoted in Paragraph 57. To the extent Plaintiff intended to reference and quote selectively certain statements from Sema4's August 15, 2022 earnings conference call for the second quarter of fiscal year 2022, such statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 57 of the SAC.

58.     Paragraph 58 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 except state that to the extent Plaintiff purports to describe the price of Sema4 securities on certain dates, that information is a matter of public record. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 58 of the SAC.

59.     Defendants deny the allegations in Paragraph 59 of the SAC, except admit that Plaintiff purports to reference and characterize selectively certain statements from Sema4's November 14, 2022 earnings conference call for the third quarter of fiscal year 2022, which statements speak for themselves. Further, Defendants state they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported state of mind of investors in Paragraph 59, and on that basis deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 59 of the SAC.

17

60.     Defendants deny the allegations in Paragraph 60 of the SAC, except state that the Company's financial results and guidance are published each quarter and annually alongside relevant disclosures that Paragraph 60 ignores, and respectfully refer the Court to the contents thereof.  Further, Defendants admit that in Paragraph 60 Plaintiff purports to reference and characterize selectively certain statements from a January 9, 2023 Sema4 press release, which statements speak for themselves.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 60 of the SAC.

61.     Defendants deny the allegations in Paragraph 61 of the SAC, except admit that Plaintiff purports to reference and quote selectively certain statements from a January 10, 2023 CT *Insider* article, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 61 of the SAC.

62.     The first and third sentences of Paragraph 62 of the SAC consist of characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.  Defendants likewise deny the remaining allegations in Paragraph 62, except admit that Plaintiff purports to represent a class beginning on January 18, 2022 and purports to reference, characterize, and quote selectively certain statements from a January 18, 2022 Sema4 press release, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 62 of the SAC.

63.     Defendants deny the allegations in Paragraph 63 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from a January 18, 2022 Sema4 public conference call transcript, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 63 of the SAC.

64.    Defendants admit that in Paragraph 64 of the SAC Plaintiff purports to reference and quote selectively certain statements from a January 18, 2022 Sema4 public conference call transcript, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 64 of the SAC.

65.    Defendants admit that in Paragraph 65 of the SAC Plaintiff purports to reference, characterize, and quote selectively certain statements from a March 14, 2022 Sema4 press release, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 65 of the SAC.

66.    Defendants deny the allegations in Paragraph 66 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from Sema4's March 14, 2022 earnings conference call for the fourth quarter of fiscal year 2021, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 66 of the SAC.

67.    Defendants admit that in Paragraph 67 of the SAC Plaintiff purports to reference and quote selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022 and speaks for itself; however, the quoted portions of the Form 10-K have been modified, taken out of context, and are incomplete, and Defendants respectfully refer the Court to the complete document for its contents. Further, to the extent the allegations in Paragraph 67 are inconsistent with the public disclosures they purport to quote, Defendants deny them.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 67 of the SAC.

68.    Paragraph 68 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from Sema4's Form 10-Q for the quarterly period ended March 31, 2022, which was filed with the SEC on May 12, 2022 and speaks for itself.  To the extent the allegations in Paragraph 69 are inconsistent with the public disclosures they purport to quote, Defendants deny them.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 69 of the SAC.

70.     Paragraph 70 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71 of the SAC, except admit that Sema4 held an earnings conference call on May 12, 2022 to discuss financial results from the first quarter of fiscal year 2022, and that Plaintiff purports to reference and quote selectively certain statements from the transcript of that conference call, which statements speak for themselves. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 71 of the SAC.

72.     Defendants deny the allegations in Paragraph 72 of the SAC, except admit that Sema4 participated in a June 16, 2022 Goldman Sachs Global Healthcare Conference and that, in Paragraph 72 of the SAC, Plaintiff purports to reference and quote selectively certain statements from the transcript of that conference call, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 72 of the SAC.

73.     Paragraph 73 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 73.

74.     Paragraph 74 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 74.

75.     Paragraph 75 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 75.

76.     Paragraph 76 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 76.

77.     Paragraph 77 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 77.

78.     Paragraph 78 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 78.

79.     Defendants deny all allegations in Paragraph 79 of the SAC, except state that information regarding Sema4's stock price is a matter of public record.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 79 of the SAC.

80.     Paragraph 80 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 80.

81.     The first and second sentences of Paragraph 81 of the SAC assert legal conclusions to which no response is required and fail to identify the source of the allegations, which renders them unduly vague and improperly forces Defendants to speculate about their supposed basis.  To the extent the second sentence of paragraph 81 purports to reference and characterize selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022, that document speaks for itself and is the best evidence of its contents.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 81 of the SAC.

82.     Defendants deny the allegations in Paragraph 82 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from

21

Sema4's March 14, 2022 earnings conference call for the fourth quarter of fiscal year 2021, which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 82 of the SAC.

83.    Paragraph 83 of the SAC states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 83, except admit that: Mr. Schadt served as Sema4's Chief Executive Officer from founding to April 2022 and as Sema4's President and Chief Research & Development Officer from April to August 2022; that Ms. Stueland has served as the Company's Chief Executive Officer since April 2022; that Mr. Ro served as Sema4's Chief Financial Officer from July 2021 to August 2022; and that Mr. Miao served as the Company's Interim Chief Financial Officer from June to September 2022. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 83 of the SAC.

84.    Paragraph 84 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from the Company's Forms 10-K and S-1 (filed with the SEC on March 14, 2022 and May 3, 2022, respectively), which statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 84 of the SAC.

85.    Defendants deny the allegations in Paragraph 85 of the SAC, except state that Mr. Ro served as the Company's Chief Financial Officer from July 2021 to August 9, 2022 and admit that Plaintiff purports to reference and characterize selectively certain statements from the Company's Forms 10-K for fiscal year 2021 (filed on March 14, 2022), Form 10-Q for the first quarter of fiscal year 2022 (filed on May 12, 2022), and form S-1 filed on May 3, 2022, which

statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 85 of the SAC.

86.    Defendants deny the allegations in Paragraph 86 of the SAC, except admit that: Mr. Schadt served as Sema4's Chief Executive Officer from founding to April 2022 and as Sema4's President and Chief Research & Development Officer from April to August 2022; that Ms. Stueland has served as the Company's Chief Executive Officer since April 2022; and that Mr. Miao served as the Company's Interim Chief Financial Officer from June to September 2022. Defendants also admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from May 2, 2022 and June 14, 2022 Sema4 press releases, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 86 of the SAC.

87.    Defendants admit that in Paragraph 87 of the SAC Plaintiff purports to reference and characterize selectively the Company's Forms 10-Q for the first quarter of fiscal year 2022 (filed on May 12, 2022), Form 10-Q for the second quarter of fiscal year 2022 (filed on August 15, 2022), and form S-1 filed on May 3, 2022, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 87 of the SAC.

88.    Defendants admit that in Paragraph 88 of the SAC Plaintiff purports to reference and characterize selectively the Company's Form 10-Q for the second quarter of fiscal year 2022 (filed on August 15, 2022), which speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 88 of the SAC.

89.    Paragraph 89 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89 except admit that Plaintiff purports to reference, characterize, and quote selectively (omitting quotation marks)

23

certain statements from Sema4's May 11, 2022 Class A Common Stock Prospectus, which statements speak for themselves, and admit that Mr. Schadt served as Executive Director at Merck from July 2001 to May 2009, Chief Scientific Officer at Pacific Biosciences of California from May 2009 to July 2012, Professor and Chair of the Department of Genetics and Genomic Sciences at the Icahn Institute for Genomics and Multiscale Biology ("Icahn") from August 2011 to June 2017, and Founding Director of Icahn from September 2011 to June 2017.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 89 of the SAC.

90.    Defendants admit that in Paragraph 90 of the SAC Plaintiff purports to reference, characterize, and quote (omitting quotation marks) certain statements from Sema4's May 11, 2022 Class A Common Stock Prospectus, which statements speak for themselves.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 90 of the SAC.

91.    Defendants admit that in Paragraph 91 of the SAC Plaintiff purports to reference, characterize, and quote (omitting quotation marks) certain statements from Sema4's Form 8-K filed on June 14, 2022, and from Sema4's May 11, 2022 Class A Common Stock Prospectus, which statements speak for themselves.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 91 of the SAC.

92.    Defendants deny the allegations in Paragraph 92 of the SAC, except admit that the Company appointed Andrew Kasarskis as Chief Data Officer in June 2021, and that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the former employee referenced in Paragraph 92, and on that basis deny each and every such allegation.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 92 of the SAC.

24

93.      Defendants deny the allegations in Paragraph 93 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 93, and on that basis deny each and every such allegation.

94.      Defendants deny the allegations in Paragraph 94 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and statements of the former employee referenced in Paragraph 94, and on that basis deny each and every such allegation.

95.      Defendants deny the allegations in Paragraph 95 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported scope of business and statements of the former employee referenced in Paragraph 95, and on that basis deny each and every such allegation.

96.      Defendants deny the allegations in Paragraph 96 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 96, and on that basis deny each and every such allegation.

97.      Defendants deny the allegations in Paragraph 97 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 97, and on that basis deny each and every such allegation.

98.      Defendants deny the allegations in Paragraph 98 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations

regarding the purported statements of the former employee referenced in Paragraph 98, and on that basis deny each and every such allegation.

99.    Defendants deny the allegations in Paragraph 99 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported identity and responsibilities of the former employee referenced in Paragraph 99, and on that basis deny each and every such allegation.

100.    Defendants deny the allegations in Paragraph 100 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 100, and on that basis deny each and every such allegation.

101.    Defendants deny the allegations in Paragraph 101 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 101, and on that basis deny each and every such allegation.

102.    Defendants deny the allegations in Paragraph 102 of the SAC, except admit that multiple regulations govern the use of human health data and that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 102, and on that basis deny each and every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 102 of the SAC.

103.    Defendants deny the allegations in Paragraph 103 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations

regarding the statements of the former employee referenced in Paragraph 103, and on that basis deny each and every such allegation.

104.    Defendants deny the allegations in Paragraph 104 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from a March 14, 2022 Sema4 press release and a June 16, 2022 Goldman Sachs conference transcript, which statements speak for themselves.  Defendants also state they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 104, and on that basis deny each and every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 104 of the SAC.

105.    Defendants deny the allegations in Paragraph 105 of the SAC, except admit that Plaintiff purports to reference and quote a statement from Sema4's March 14, 2022 earnings conference call for the fourth quarter of fiscal year 2021, which statement speaks for itself. Defendants also state they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported statements of the former employee referenced in Paragraph 105, and on that basis deny each and every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 105 of the SAC.

106.    Defendants deny the allegations in Paragraph 106 of the SAC, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of the former employee referenced in Paragraph 106, and on that basis deny each and every such allegation.

107.    Defendants deny the allegations in Paragraph 107 of the SAC, except admit that Sema4 had net losses prior to the start of the Class Period, including an accumulated deficit of

approximately $575.4 million as of December 31, 2021, and that Plaintiff purports to reference certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 107 of the SAC.

108.    The first sentence of Paragraph 108 consists of characterizations to which no response is required.  To the extent a response is required, Defendants deny said allegations. Defendants also deny the remaining allegations in Paragraph 108, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from the Company's Form 10-K for the fiscal year ended December 31, 2021, which statements speak for themselves; however, the quoted portions are modified and incomplete, and Defendants respectfully refer the Court to the complete disclosure for its contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 108 of the SAC.

109.    In response to the first sentence of Paragraph 109 of the SAC, Defendants admit that in January 2022 the Company signed a definitive agreement to acquire genomic testing company GeneDx.  In response to the second sentence of Paragraph 109, Defendants admit that Sema4 agreed to acquire GeneDx in exchange for an upfront payment of $150 million in cash plus 80 million shares in Sema4 stock, and up to an additional $150 million payable following closing if certain revenue-based milestones were achieved over fiscal years ending December 31, 2022 and December 31, 2023.  The third sentence of Paragraph 109 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in the third sentence of Paragraph 109.  In response to the fourth sentence of Paragraph 109, Defendants admit that, in connection with the acquisition, Sema4 entered into definitive agreements for a private placement financing to sell $200 million in Class A common

28

stock at a price of $4.00 per share to a syndicate of institutional investors, including Pfizer.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 109 of the SAC.

110.   In response to the first and second sentences of Paragraph 110 of the SAC, Defendants admit that on May 2, 2022 Sema4 announced that it had closed a $200 million private placement from leading growth and life sciences investors, including Pfizer.  In response to the third sentence of Paragraph 110, Defendants admit that on May 2, 2022 Sema4 announced that Ms. Stueland would join the Company as Chief Executive Officer and that Mr. Schadt would serve as President and Chief Research & Development Officer and report to Ms. Stueland in that capacity.  The fourth sentence of Paragraph 110 asserts a legal conclusion to which no response is required.   To the extent a response is required, Defendants state they lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding the purported state of mind of the analysts in Paragraph 110, and on that basis deny the allegation.  As to the subsequent portions of Paragraph 110, Defendants deny the allegations except admit that Plaintiff purports to reference and quote selectively certain statements from a May 3, 2022 BTIG analyst report, which statements speak for themselves.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 110 of the SAC.

111.   Defendants admit that in Paragraph 111 of the SAC Plaintiff purports to reference, characterize, and quote selectively certain statements from May 13, 2022 Cowen and BTIG analyst reports, which statements speak for themselves.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 111 of the SAC.

112.   Defendants admit the allegations in Paragraph 112 of the SAC.

113. The first sentence of Paragraph 113 of the SAC asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation. In response to the second sentence of Paragraph 113, Defendants admit that Mr. Schadt and Mr. Ro's compensation included annual bonuses based on the achievement of corporate performance objectives. In response to the third sentence of Paragraph 113, Defendants admit that the employment agreements of Mr. Schadt and Mr. Ro provided for an annual base salary of $675,000 and a target annual bonus of 100% of annual base salary in the case of Mr. Schadt, and an annual base salary of $400,000 with a target annual bonus of 50% of annual base salary in the case of Mr. Ro. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 113 of the SAC.

114. The first sentence of Paragraph 114 of the SAC asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation. In response to the second sentence of Paragraph 114, Defendants admit that Ms. Stueland entered into an employment agreement with the Company on January 14, 2022 which, as amended on April 29, 2022, included a base salary of $675,000, a discretionary performance based bonus with a target amount of 100% of the annual base salary, an initial grant of stock options and restricted stock units with an aggregate grant-date value of $9,000,000, and standard employee benefit plan participation. In response to the third sentence of Paragraph 114, Defendants admit that, in connection with Mr. Miao's appointment as Interim Chief Financial Officer, the Compensation Committee of the Board of Directors of the Company approved: (i) a salary increase for Mr. Miao for a total annual base salary of $360,000; (ii) a target annual bonus of 50% of annual base salary; and (iii) a $100,000 cash retention bonus payable three months following the start date of

the Company's permanent Chief Financial Officer.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 114 of the SAC.

115.   The first sentence of Paragraph 115 of the SAC asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.  In response to the second sentence of Paragraph 115, Defendants admit that the Company entered into an agreement with Silicon Valley Bank on November 15, 2021 (the "SVB loan agreement").  Defendants deny the allegations in the third, fourth, and fifth sentences of Paragraph 115, except admit that Plaintiff purports to reference selectively certain statements from the SVB loan agreement, which statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 115 of the SAC.

116.   Defendants admit the allegations in Paragraph 116 of the SAC.

117.   The first sentence of Paragraph 117 of the SAC consists of vague characterizations to which no response is required.  To the extent a response is required, Defendants admit that, as of March 14, 2022, the Company incurred rent expenses related to operating lease arrangements. In response to the second sentence of Paragraph 117, Defendants admit that—as reported in Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022—the Company recorded rent expenses related to non-cancelable operating leases of $5.7 million for the year ended December 31, 2021, as well as rent expenses related to month-to-month operating leases of $1.2 million for the year ended December 31, 2021.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 117 of the SAC.

118.   Defendants admit the allegations in the first, second, and third sentences of Paragraph 118 of the SAC.  In response to the fourth sentence of Paragraph 118, Defendants admit

31

that Sema4's future payments under capital leases for 2022 totaled $4.89 million as of December 31, 2021.  As to the last sentence of Paragraph 118, Defendants admit that—as disclosed in Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022—the Company was party to several space license agreements as of March 14, 2022, including a sublease agreement with the Mount Sinai Health System with rent expenses for all facilities subleased by Icahn School of Medicine at Mount Sinai of $4.2 million for the year ended December 31, 2021 and expected future minimum lease payments of $4.2 million for the year ending December 31, 2022.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 118 of the SAC.

119.    Defendants deny the allegations in Paragraph 119 of the SAC, except admit that as of March 14, 2022—and as disclosed in Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022—the Company received products and services (including certain research and clinical services and certain development and lab services) and licensed certain intellectual property from the Mount Sinai Health System, for which it made direct payments to Mount Sinai of approximately $1.4 million for the year ended December 31, 2021.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 119 of the SAC.

120.    Defendants deny the allegations in Paragraph 120 of the SAC, except admit that Plaintiff purports to reference, characterize, and quote selectively certain statements from Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022 and speaks for itself.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 120 of the SAC.

121.    Defendants deny the allegations in Paragraph 121 of the SAC, except admit that, as disclosed in Sema4's Form 10-K for the fiscal year ended December 31, 2021, which was filed with the SEC on March 14, 2022, in 2021 the Company restated 2020 and 2019 annual statements of operations and comprehensive loss to account for the misclassification of certain expenses related to the genetic counseling department which were reported in cost of services, but should have been reported in selling and marketing in the prior period financial statements.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 121 of the SAC.

122.    Defendants admit the allegations in Paragraph 122 of the SAC.

123.    Paragraph 123 of the SAC asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123 of the SAC, except admit that:  Mr. Schadt served as Sema4's Chief Executive Officer from founding to April 2022 and as Sema4's President and Chief Research & Development Officer from April to August 2022; that Ms. Stueland has served as the Company's Chief Executive Officer since April 2022; that Mr. Ro served as Sema4's Chief Financial Officer from July 2021 to August 2022; and that Mr. Miao served as the Company's Interim Chief Financial Officer from June to September 2022.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 123 of the SAC.

124.    Paragraph 124 of the SAC asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 124.

125.    The allegations in Paragraph 125 of the SAC assert a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125, except admit that Sema4's securities traded on the NASDAQ exchange, that Sema4 filed periodic and other public reports with the SEC, that Sema4 communicated with

33

public investors, and that analysts followed Sema4 and wrote reports. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 125 of the SAC.

126. The allegations in Paragraph 126 of the SAC assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127 of the SAC, except admit that Plaintiff purports to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of certain persons and entities who or which purchased or otherwise acquired the publicly traded securities of Sema4 during the Class Period and were allegedly damaged thereby. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 127 of the SAC.

128. The allegations in Paragraph 128 of the SAC assert a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128 except admit that during the Class Period Sema4's common stock and stock warrants traded on the NASDAQ exchange and admit that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the size of the putative class in Paragraph 128, and on that basis deny each and every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 128 of the SAC.

129. Paragraph 129 of the SAC asserts a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 129, including to the extent they suggest that Defendants engaged in "wrongful conduct in violation of federal law." Further, Defendants lack knowledge or information sufficient to form a belief as to

34

the truth of the allegations regarding the putative class members in Paragraph 129, and on that basis deny each and every such allegation. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 129 of the SAC.

130. Paragraph 130 of the SAC states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis deny each and every such allegation.

131. Paragraph 131 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 131 of the SAC.

132. Paragraph 132 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 132 of the SAC.

133. Paragraph 133 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 133.

134. Defendants incorporate by reference and reassert their responses to each and every foregoing paragraph as if fully set forth herein.

135. The allegations in Paragraph 135 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 135 of the SAC.

136. The allegations in Paragraph 136 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 136 of the SAC.

137. The allegations in Paragraph 137 of the SAC assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 137. Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the states of mind of Plaintiff and the members of the alleged class in Paragraph 137, and on that basis deny each and every such allegation.

138. Paragraph 138 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 138. Further, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged damages purportedly incurred by Plaintiff and members of the alleged class in Paragraph 138, and on that basis deny each and every such allegation.

139. Defendants incorporate by reference and reassert their responses to each and every foregoing paragraph as if fully set forth herein.

140. Paragraph 140 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 140 of the SAC.

141. Paragraph 141 of the SAC asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 141 of the SAC.

142.    Paragraph 142 of the SAC states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 142 of the SAC.

143.    Paragraph 143 of the SAC asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 143 of the SAC.

The SAC's Prayer for Relief asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny that Plaintiff or any member of the putative class is entitled to any form of recovery from Defendants for the allegations set forth in the SAC.

Defendants admit that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Defendants, and without admitting that Plaintiff or the putative class members have suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the SAC.  By setting forth these affirmative defenses, Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff, and reserve the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, or any crossclaims, counterclaims, contribution claims, or third-party claims not asserted herein.  To the extent any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.  These defenses do not include defenses to any dismissed claims.

## FIRST AFFIRMATIVE DEFENSE

Defendants are not liable because the SAC's allegations are based on alleged projections,

forecasts, expectations, expressions of opinion, or predictions of future events or results which were forward-looking statements and accompanied by meaningful cautionary language and/or were not made with actual knowledge of falsity. All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 78u-5(c).

## SECOND AFFIRMATIVE DEFENSE

Defendants are not liable because the information they allegedly concealed was in fact already disclosed and/or was in the public domain at the time any challenged statements were made and, as such, was at all times reflected in the price of Sema4's securities.

## THIRD AFFIRMATIVE DEFENSE

Defendants are not liable because Plaintiff and members of the putative class had actual or constructive knowledge of any alleged misstatements or omissions purportedly constituting the violation.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable as control persons or otherwise because they acted in good faith and did not induce any alleged violation of Section 10(b) or Rule 10b-5.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are not liable because the alleged damages incurred by Plaintiff and the putative class members, if any, were the result of one or more intervening or superseding causes, and were not the result of any misstatement, act, or omission on the part of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are not liable, and a class cannot be certified, because the alleged misstatements did not have the required impact on the price of Sema4's common stock.

38

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That the Court refuse to certify this suit as a class action;

2. That Plaintiff and members of the putative class take nothing by reason of the claims asserted herein;

3. That judgment be entered in favor of Defendants on all claims asserted herein;

4. For costs and suit herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated:  July 24, 2025                              Respectfully submitted,

                                                     */s/ Dean S. Kristy*
                                                     Dean S. Kristy *pro hac vice*
                                                     Catherine D. Kevane *pro hac vice*
                                                     FENWICK & WEST LLP
                                                     555 California Street, 12th Floor
                                                     San Francisco, CA  94104
                                                     Telephone: (415) 875-2300
                                                     Facsimile: (415) 281-1350
                                                     dkristy@fenwick.com
                                                     ckevane@fenwick.com

                                                     Joseph W. Martini
                                                     Federal Bar No. ct07225
                                                     Leslie A. Cahill
                                                     Federal Bar No. ct31242
                                                     SPEARS MANNING & MARTINI LLC
                                                     2425 Post Road, Suite 203
                                                     Southport, CT 06890
                                                     Telephone: (203) 292-9766
                                                     Facsimile: (203) 292-9628
                                                     jmartini@spearsmanning.com
                                                     lcahill@spearsmanning.com

                                                     *Counsel for Defendants Sema4 Holdings Corp.,*
                                                     *Eric Schadt, Katherine Stueland, Isaac Ro, and*
                                                     *Richard Miao*

39

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of the filing will be sent by e- mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

<em>/s/ Dean S. Kristy</em><br>Dean S. Kristy