**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 3:22-cv-01131-VDO |
| v. | |
| SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, and RICHARD MIAO, | October 30, 2025 |
| Defendants. | |

**NON-PARTY, OPKO HEALTH, INC.'S[1] MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S [CORRECTED] SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

Non-Party, OPKO Health, Inc. ("OPKO"), by and through undersigned counsel, makes this limited appearance to move *for Enlargement of Time to Respond to Plaintiff's [Corrected] Subpoena to Produce Documents, Information, or Objects,* and in support thereof, states as follows:

1.     On September 25, 2025, Plaintiff mistakenly caused a subpoena *decus tecum* to be issued for service upon OPKO. The subpoena commanded OPKO to return the subpoena to Plaintiff's lawyers office in Los Angeles, CA, a distance greater than 100 miles from OPKO's offices. Having realized the error, Plaintiff had a "corrected" subpoena *decus tecum* issued on October 14, 2025.  As an accommodation, the undersigned agreed to accept service of the corrected version.[2] The "corrected version" was emailed to counsel for OPKO but never formally served.

---

[1] OPKO files this limited appearance because neither OPKO or its counsel has been served with the "corrected" subpoena.

[2] Agreeing to accept service on behalf of a client is, of course, materially different from agreeing to waive service. Neither OPKO or OPKO's counsel has agreed to waive service.

2.      The return date of the unserved "corrected" subpoena is October 31, 2025.  Even though the subpoena has not been properly served, counsel for OPKO, in an abundance of caution, sought an enlargement of time to respond and made Plaintiff aware of the fact that the lawyer assigned to this case was on his honeymoon out of the county and would not be returning until November 17.

3.      Plaintiff would only agree to the requested enlargement if OPKO agreed to produce all of the documents sought in the subpoena within thirty (30) days of a response. Making Plaintiff's consent subject to that condition was unreasonable because the condition meant that OPKO would potentially waive any meritorious objections since there would not be sufficient time for the court to consider such objections before the 30-day time constraint. When OPKO asked Plaintiff for its unconditional agreement to the enlargement, Plaintiff did not respond thereby necessitating this motion.

4.      This is OPKO's first request for enlargement of time to respond to the corrected subpoena.

5.      The requested enlargement is made in good faith and not for purposes of delay.

**WHEREFORE**, OPKO respectfully requests an enlargement of time through and including November 24, 2025, to respond to the Plaintiff's subpoena *decus tecum*, and for such other relief this Court deems just and appropriate.

### RULE 7.1(a)(2) CERTIFICATE OF CONFERRAL

I certify that prior to filing this motion, counsel for OPKO conferred via e-mail with Plaintiff's counsel, Chris Fallon, Esq, who would not agree to the relief requested in this Motion.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Non-Party OPKO Health, Inc.*

333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 961-5307

By: */s/ Jared E. Dwyer*
       **JARED E. DWYER**
       Bar No.: CT31471
       dwyerje@gtlaw.com
       merlande.moise@gtlaw.com
       MIALitDock@gtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2025, I electronically filed the foregoing with the Clerk of Court, using CM/ECF. I also certify that the foregoing document was served on all counsel of record via transmission of Notice of Electronic filing generated by CM/ECF.

By:     */s/ Jared E. Dwyer*
          **Jared E. Dwyer**