**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, AND RICHARD MIAO,<br><br>Defendants. | Case No.: 3:22-cv-01131-VDO |

## [~~PROPOSED~~] AMENDED PROTECTIVE ORDER

**WHEREAS** disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted;

**WHEREAS** the Parties, by and through their respective counsel, have stipulated, pursuant to Federal Rule of Civil Procedure 26(c), to the entry of the following amended protective order ("Protective Order") to govern the use, production, storage, handling, and disclosure of documents, information, things, and testimony in this Action;

**WHEREAS** the Parties have further jointly moved this Court to order the adoption of this Protective Order;

1

**WHEREAS** the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rules 5(e) and 57.1 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**WHEREAS** Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever, including without limitation any other litigation.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

**NOW,** therefore, the Court hereby **ORDERS** as follows:

1.      **Scope.**  All materials produced or adduced in the course of discovery in the above captioned action, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material given or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.  The protections conferred by this Order will also apply to:  (1) any information copied or extracted from Protected Material (defined as any disclosure or discovery material that is designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"); (2) all copies, excerpts, summaries, or

2

[PROPOSED] AMENDED PROTECTIVE ORDER                    Case No. 3:22-CV-01131-VDO

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other Parties hereto for good cause.

2.    **Duration.**    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3.    **Confidential Information**.    As used in this Order, "Confidential Information" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary, non-

3

public or personal information that qualifies for special protection from public disclosure and from use for purposes other than prosecuting this litigation.  Any Producing Party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order.  This includes, but is not limited to, material that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, including personal financial information such as trading records; (d) medical information concerning any individual; (e) private or Confidential personal information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (g) personnel or employment records or portions thereof that reveal private information. Information or documents that are available to the public should not be designated as Confidential Information.  All information derived from Confidential Information, including but not limited to extracts, summaries, and descriptions of such material shall be treated as confidential in accordance with the provisions of this Order.

4.    **Highly Confidential – Attorneys' Eyes Only Information**.  As used in this Order, "Highly Confidential – Attorneys' Eyes Only Information" means  extremely sensitive "Confidential" information or items the disclosure of which to another Party or Non-Party would create a risk of serious harm to the Designating Party that could not be avoided by less restrictive means, including, but not limited to:  (i) extremely sensitive marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a

[PROPOSED] AMENDED PROTECTIVE ORDER                    Case No. 3:22-CV-01131-VDO

current Nondisclosure Agreement ("NDA"); (iii) information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, confidential settlement agreements, or confidential settlement communications, the disclosure of which the Designating Party in good faith believes is likely to cause substantial harm to the Producing Party.

5.    **Designating Protected Material.**

a.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation and must re-produce the information or items with the proper designation.

b.    Except as otherwise provided in this Order (*see, e.g.*, Section 5(b)(3) *infra*), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(1)    For information in documentary form (e.g., paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party place or affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on all copies of the document that contain protected material in a manner that will not interfere with the legibility of the document.  For documents produced in native format, the

5

Producing Party must endeavor to include to the extent technologically feasible the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on the media containing the Confidential Information (e.g., CD-ROM, DVD). To avoid undue burden and expense, the Designating Party may choose to designate as Confidential an entire document or family of documents, deposition, transcript, or other material that contains Confidential Information. For information produced in some form other than documentary and for any other tangible items, the Producing Party may designate the item as containing Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

(2)     As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Except as otherwise provided in this Order (see, e.g., Section 5(b)(3) infra), the markings "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked.

(3)     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the

6

designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine, as soon as reasonably practicable, which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the documents that contain Protected Material.

(4)    For information where it is impracticable to designate for confidentiality on a document-by-document or item-by-item basis, including but not limited to native documents and non-documentary electronic materials (e.g., a database), and other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(5)    The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that he or she believes in good faith that the document contains Confidential Information, as defined in this Order.

6.    **Depositions**.  Depositions and other pre-trial testimony may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony or (ii) by written Notice of Designation served to all parties of record no

later than thirty (30) days[1] after the transcript is delivered to any party or the witness.  Counsel for the person being deposed shall, within thirty (30) days after receiving the deposition transcript, designate those portions of the transcript which contain testimony containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION," which shall be protected by the terms of this Order.  Only those portions of the testimony that are designated for protection on the record or within the 30 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   The parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  Except as otherwise provided herein, the use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform

---

[1] All references to "days" herein shall mean calendar days, unless otherwise noted.

[PROPOSED] AMENDED PROTECTIVE ORDER                                    Case No. 3:22-CV-01131-VDO

the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed to by all Parties. After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

To the extent that testimony is sought concerning Confidential or Highly Confidential Information during any deposition or in any other pre-trial venue, any party may exclude any person from the deposition or other venue during such testimony if the Confidential or Highly Confidential Information may not be disclosed to such person under the terms of this Order.

7.    **Protection of Confidential Material.**

a.    General Protections. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 20 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b.    Limited Third Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(x). Every person to whom Confidential Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to

9

the terms of this Order.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information only to the extent reasonably necessary:

     i.     The Receiving Party's Outside Counsel of Record in this action, as well as employees and any contract attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

     ii.     the officers, directors, portfolio managers, investment advisors, employees and In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

     iii.     The Court and its personnel;

     iv.     A court of competent jurisdiction in a proceeding by a party made in connection with this action (e.g., a subpoena or similar discovery request made to obtain discovery material for use in this action), provided that the disclosing party submits same under seal;

     v.     Court Reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

     vi.     Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

[PROPOSED] AMENDED PROTECTIVE ORDER          Case No. 3:22-CV-01131-VDO

vii.    Experts of the Receiving Party, including their employees, (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  For purposes of this Order, an Expert is a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or consultant of a Party or Party's predecessor, (3) is not a current employee or consultant of a direct competitor of a Party or its predecessor, and has not been an employee or consultant of a direct competitor of a Party or Party predecessor for the past (3) three years; and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's direct competitor.  For purposes of this provision, the term "direct competitor" refers to the list of competitors identified in Defendant Sema4 Holdings Corp. (now dba GeneDx Holdings Corp.)'s Form 10-K public disclosures.

viii.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

ix.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

x.    During their depositions, witnesses, and attorneys for witnesses in this action to whom disclosure is reasonably necessary for this litigation; provided that if the witness is not a current employee of Defendant Sema4 Holdings Corp. (now dba GeneDx Holdings Corp.) and does not fall into any of the categories (i) to (viii) above, then the deposing party and their attorneys shall request that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown material designated CONFIDENTIAL.  Witnesses shall not retain a copy of documents containing information designated CONFIDENTIAL, except

witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as CONFIDENTIAL pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.  Nothing herein shall waive the right of any Party or Non-Party to move for a protective order prohibiting the disclosure of specified CONFIDENTIAL information.

xi.    Others by Consent.  Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered;

c.    This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Information for any purpose.  Nothing in this Order shall prevent a Producing Party from disclosing its own Confidential Information.

d.    Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

8.    **Protection of Highly Confidential – Attorneys' Eyes Only Material**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(i)    The Receiving Party's Outside Counsel of Record in this action, as well as employees or contract attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

[PROPOSED] AMENDED PROTECTIVE ORDER                    Case No. 3:22-CV-01131-VDO

(ii)    Defendant Sema4 Holdings Corp. (now dba GeneDx Holdings Corp.)'s In-House Counsel and Lead Plaintiff Nabil Helo;

(iii)    Experts (as defined *supra* at Section 7(b)(vii)) of the Receiving Party, including their staff, (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv)    The Court and its personnel;

(v)    Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(vii)    Any mediator or settlement officer retained by the Parties or assigned by the Court, and the employees of said mediator or settlement officer to whom it is reasonably necessary to disclose the information for this litigation; and

(viii)    During their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary; provided that if the witness is not a current employee of Sema4 Holdings Corp. (now dba GeneDx Holdings Corp.) and does not fall into any of the categories (i) to (vii) above, then the deposing party shall request that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.  Nothing

[PROPOSED] AMENDED PROTECTIVE ORDER                    Case No. 3:22-CV-01131-VDO

herein shall waive the right of any Party or Non-Party to move for a protective order prohibiting the disclosure of specified HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

9.      **Non-Party Protected Material Sought to be Produced in this Litigation.**  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Amended Protective Order in this litigation, the relevant discovery request(s); and

3.      make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

14

determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    **Protected Material Subpoenaed or Ordered Produced in Other Litigation.**  If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels or seeks to compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Receiving Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Amended Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

[PROPOSED] AMENDED PROTECTIVE ORDER                    Case No. 3:22-CV-01131-VDO

11.    **Inadvertent Failure to Designate**.  An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document.  A Producing Party may designate as Confidential any discovery material that has already been produced, including discovery material that the Producing Party inadvertently failed to designate as Confidential, by notifying in writing the party to whom the production has been made that the material constitutes Confidential Information.  If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  The receiving party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Information.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

12.    **Filing of Confidential Information**.    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this or any other action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 5(e) and 57.1.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13.    **Challenges by a Party to Confidentiality Designations.**  The designation of any material or document as Confidential Information is subject to challenge by any Party or non-Party at any time, and a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed unless a prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential or Highly Confidential Information.  The following procedure shall apply to any such challenge:

a.    Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by providing written notice to the Designating Party of each designation (including identifying Bates Number designation as applicable) it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Amended Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to

participate in the meet and confer process in a timely manner.  The designating party must respond to the challenge within fourteen (14) days.

b.      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, and the Challenging Party still seeks to pursue a challenge to a confidentiality designation after considering the justification offered by the Designating Party, the Challenging Party shall serve written notice (which may be accomplished via email) identifying for the Designating Party the specific material that remains subject to the challenge ("Notice of Challenge") at the end of the 14 days referenced in Section 13(a), unless the parties agree to extend the period of time to meet and confer.  The Challenging Party may then file a motion challenging a confidentiality designation, including a challenge to the designation of a deposition transcript or any portions thereof.  Any such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure.  The burden of production and persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential or Highly Confidential Information under the terms of this Order.

14.      **Action by the Court**.  Applications to the Court for an order relating to materials or documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made consistent with the Court's Individual Rules.  Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15.    **Use of Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, material, or information at trial or at a hearing. A party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion in limine.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

16.    **Unauthorized Disclosure of Protected Material.**  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Amended Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

17.    **Inadvertent Disclosure of Privileged Material**.  In accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), the inadvertent disclosure of any document or information subject to an applicable privilege – in this action or in any other federal or state proceeding – shall in no way prejudice or otherwise constitute a waiver of, estoppel as to, any claim of attorney-client privilege, work product protection, or other immunity or protection for such Discovery Material or other information.  Discovery Material or other information subject to a claim of privilege, protection, or immunity must be returned as soon as it

is discovered, without any need to show the production was inadvertent.  The Receiving Party shall not use the inadvertently produced Discovery Material or other information for any purpose other than in connection with a motion to compel production in this matter.  This provision shall govern regardless of the reasonableness of any steps taken to prevent such inadvertent disclosure.

a.       If a claim of inadvertent production is made, pursuant to this Order, the Receiving Party shall, upon request, (i) refrain from any further examination or disclosure of the claimed Inadvertent Production material any more than is essential to ascertain if the materials may be privileged; (ii) promptly make a good faith effort to return the claimed Inadvertent Production Material and all copies thereof to counsel for the Producing Party, or destroy all copies and summaries of such documents, testimony, information, and/or things, and certify in writing to that fact; and (iii) shall not sequester, disclose, or use the claimed Inadvertent Production material for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court.  Within fourteen business days of the producing party's request to return or destroy such documents, the producing party shall produce a privilege log with respect to the disclosed materials.  The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the claimed documents or information is in fact privileged or entitled to protections of immunity.

b.       The return of any discovery material to the Producing Party shall not in any way preclude the receiving party from moving the Court for a ruling that the claimed Inadvertent Production material is not privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that the Producing Party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion, except

[PROPOSED] AMENDED PROTECTIVE ORDER                    Case No. 3:22-CV-01131-VDO

as an under seal filing.  Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status.  If such a sealed filing is made or is being promptly prepared, the Receiving Party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity.  The Producing Party must preserve the information until the claim is resolved.

c.       If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the Producing Party claims that such information, document, or thing filed under seal or in redacted form was inadvertently produced and is protected by privilege or work-product immunity, all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the Producing Party, within fourteen (14) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the Inadvertently Disclosed material and simultaneously state the basis for withholding such material or information from production, and provide any information that would be listed on a supplemental privilege log.  Promptly after receipt of such information, the producing and receiving parties must conduct a meet-and-confer to try to resolve the issue.  If, after the parties meet and confer, they cannot reach agreement, the Producing Party shall, within fourteen (14) days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise.  Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved.  Nothing in this Protective Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege.  Nothing in this Protective Order shall prevent the Producing Party from seeking immediate relief from the Court, including a protective order under

Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim. If the inadvertently disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

For a document used by a Party in a deposition, expert report, or court filing in this action that is clawed back after fourteen (14) business days of its use, Rule 502 shall govern the Producing Party's request to claw back the document.

d.    Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of produced documents or information on the grounds of privilege or work product protection. If a Party or non-Party requests the return of such produced material or information then in the custody of one or more Parties, the possessing Parties shall within ten (10) days:

1.    Destroy or return to the requesting Party or non-Party the produced material or information and all copies thereof, and expunge from any other document or material information derived solely from the produced material or information; or

2.    Notify the Producing Party or non-Party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The Parties agree to meet and confer regarding the claim of privilege. If, at the conclusion of the meet-and-confer process, the Parties are still not in agreement, they may bring the issue to the Court. A Party challenging a clawback request under this Section 17 may use the

22

content of the clawed-back document for the sole purpose of filing a motion with the Court under seal that challenges whether or not the document is privileged or work product.

e.     Where a Party agrees to or is ordered to destroy a clawed back document, the Party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete or return other copies of the clawed back document.

18.     **Redactions Allowed.**  Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (1) privileged material; (2) private or Confidential personal information; or (3) names of minor children.  If the Producing Party desires to redact sensitive confidential information that is not responsive or relevant, the Parties will meet and confer and the Receiving Party will endeavor to honor good faith requests; except that, to the extent the production of sensitive confidential information belonging to a Third Party would require that party's permission, the Producing Party will produce such Documents in redacted form and will confer with the Receiving Party regarding the merits of obtaining permission to produce the redacted information.  The Producing Party shall mark each redaction with a legend stating "REDACTED" and specify the basis for the redaction as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked.

The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Information as set forth in Section 13.

19.    **Discovery from Experts or Consultants.**

a.    Testifying experts shall not be required to produce any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

b.    No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

c.    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

d.    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 19(a)–(c) shall be treated as protected work product for the purposes of this litigation and Order.

20.    **Obligations on Conclusion of Litigation**.

a.    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.    Obligations at Conclusion of Litigation.  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, including copies as defined in Section 5(b)(2), shall be returned to the Producing Party or destroyed by the Receiving Party unless the document has been offered into

24

evidence or filed without restriction as to disclosure.  The Court is not obligated to return or destroy any exhibits or documents that have been made part of the record.

c.    Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60)-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

d.    Retention of Work Product and one set of Filed Documents.  Notwithstanding the above requirements to return or destroy documents, counsel for the parties may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, mediation briefs and exhibits, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

21.    **Order Subject to Modification**.  Any Party may, at any time upon notice to all Parties, move this Court for a modification of, or relief from, the terms of this Protective Order. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

22.    **Right to Assert Other Objections**.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order, including any right to object to the disclosure or production of information under foreign statutes or laws.  Similarly, no Party waives

25

any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

23.    **No Prior Judicial Determination**.    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

24.    **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**SO STIPULATED AND AGREED.**

DATED: November 11, 2025                    Respectfully submitted,

 /s/ *Ex Kano S. Sams II*                            /s/ *Dean S. Kristy*

**GLANCY PRONGAY & MURRAY LLP**        **FENWICK & WEST LLP**
Ex Kano S. Sams II (admitted pro hac vice)        Dean S. Kristy *pro hac vice*
Christopher Fallon (admitted pro hac vice)        Catherine D. Kevane *pro hac vice*
1925 Century Park East, Ste. 2100            Rebecca Mastumura *pro hac vice*
Los Angeles, CA 90067                    Giulia S. Rubin *pro hac vice*
Tel: (310) 201-9150                        Hamdi Soysal *pro hac vice*
esams@glancylaw.com                    555 California Street, 12th Floor
cfallon@glancylaw.com                    San Francisco, CA  94104
                                Telephone: (415) 875-2300
                                dkristy@fenwick.com
David A. Slossberg [ct13116]                ckevane@fenwick.com
Timothy Cowan [ct30786]                    rmastumura@fenwick.com
                                grubin@fenwick.com
HURWITZ  SAGARIN  SLOSSBERG  &        hsoysal@fenwick.com
KNUFF, LLC
147 North Broad Street                    Joseph W. Martini [ct07225]
Milford, CT 06460                        SPEARS MANNING & MARTINI LLC

[PROPOSED] AMENDED PROTECTIVE ORDER            Case No. 3:22-CV-01131-VDO

Tel: (203) 877-8000/Fax: (203) 878-9800
Juris No. 026616
DSlossberg@hssklaw.com
TCowan@hssklaw.com

*Counsel for Lead Plaintiff and the Class*

2425 Post Road, Suite 203
Southport, CT 06890
Telephone: (203) 292-9766
Facsimile: (203) 292-9628
jmartini@spearsmanning.com
lcahill@spearsmanning.com

*Counsel for Defendants Sema4 Holdings Corp., Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao*

**SO ORDERED.**

Dated: November 12 , 2025

/s/ Vernon D. Oliver
_____

Hon. Vernon D. Oliver
United States District Judge

27

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Protective Order that was issued by the United States District Court for the District of Connecticut on _____, 2025 in the case *Helo v. Sema4 Holdings Corp., et al.*; Case No. Case No. 3:22-cv-01131-VDO.  I agree to comply with and to be bound by all the terms of this Amended Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Connecticut for the purpose of enforcing the terms of this Amended Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my Connecticut agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]


Signature: _____
                            [signature]

[PROPOSED] AMENDED PROTECTIVE ORDER                    Case No. 3:22-CV-01131-VDO