**Exhibit A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, AND RICHARD MIAO,<br><br>Defendants. | Case No.: 3:22-cv-01131-VDO |

**~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a class action is pending in this Court entitled *Nabil Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO (the "Action");

WHEREAS, (a) lead plaintiff Nabil Helo ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendants Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp. (the "Company"), and Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao (collectively, "Individual Defendants"; together with the Company, "Defendants"; and together with Lead Plaintiff, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 23, 2026 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal

Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities that purchased the publicly-traded common stock and/or warrants of Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp., (the "Company"), and/or purchased publicly traded call options on Company common stock, and/or wrote publicly traded put options on Company common stock, between January 18, 2022 and August 15, 2022, both dates inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants and their Immediate Family members; (ii) any person who served as a control person, officer, and/or director of the Company during the Settlement Class Period and their Immediate Family members; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of the Company ; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their

Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.[1]

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Nabil Helo is an adequate class representative and certifies him as the Class Representative for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as

[1] For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with the Company or one of the Individual Defendants.

described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on February 25, 2027 at 2:00p.m. in Courtroom 3 of the Abraham Ribicoff Federal Building, United States Courthouse, 450 Main Street, Hartford, Connecticut 06103, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order, the Company

shall provide or cause to be provided to the Claims Administrator in an electronic format such as Excel (at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Lead Counsel, or the Claims Administrator), lists of securities holders of record during the Settlement Class Period, to the extent such lists are reasonably available from the Company's stock transfer agent;

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 4, to be mailed by first-class mail, or a link to the Notice and Claim Form (collectively, the "Notice Packet") to be emailed, to potential Settlement Class Members at the addresses set forth in the records provided by the Company or in the records which the Company caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Postcard Notice and emailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, emailing, and publication.

8. **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form

and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing of the Postcard Notice or emailing the Notice Packet, the posting of the Notice and Claim Form online, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4*,* as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are disseminated. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the Releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9. **Nominee Procedures** – Brokers and other nominees who purchased Company Common Stock, Company Warrants, and/or Company Call Options, and/or wrote Company Put Options during the Settlement Class Period for the benefit of another person or entity shall, within

seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Postcard Notices, forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice Packet and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator at *Sema4 Holdings Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, Media, PA 19063, in which event the Claims Administrator shall promptly mail the Postcard Notice, or email a link to the Notice Packet, to such beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. Upon full and timely compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice themselves for mailing. Postcard Notices may only be printed by the Claims Administrator.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived

his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Sema4 Holdings Securities Litigation*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Nabil Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO"; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. In addition, a request for exclusion must state the number and type of Company Securities that the person or entity requesting exclusion purchased, acquired, wrote and sold during the Settlement Class Period, as well as the dates and prices of each

such purchase/acquisition and sale/writing. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may

otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

**Lead Counsel**

Glancy Prongay Wolke & Rotter LLP
Attn: Ex Kano S. Sams II, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

**Defendants' Counsel**

Fenwick & West LLP
Attn: Dean S. Kristy, Esq.
555 California Street, 12th Floor
San Francisco, CA 94104

-and-

Quinn Emanuel Urquhart & Sullivan, LLP
Attn: Avi Perry, Esq.
555 13th Street NW, Suite 600
Washington, D.C. 20004

18. Any objections, filings and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) clearly identify the case name and number (*Nabil Helo v.*

*Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO); (c) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Settlement Class, including the number and type of Company Securities that the person or entity objecting purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims

against each and all of the Released Defendants' Parties.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 11, 2026, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Stipulation (whether or not

consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, although nothing herein shall prevent use of this Order as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff's Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff's Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after

trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 13th day of October, 2026.

/s/ Oliver, J.

The Honorable Vernon D. Oliver
United States District Judge

**Exhibit A-1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, AND RICHARD MIAO,<br><br>Defendants. | Case No.: 3:22-cv-01131-VDO |

**NOTICE OF: (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action")[1] pending in the United States District Court for the District of Connecticut (the "Court"), if, during the period between January 18, 2022 and August 15, 2022, inclusive (the "Settlement Class Period"), you purchased the publicly-traded common stock and/or warrants of Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp. (the "Company"), and/or purchased publicly traded call options on Company common stock, and/or wrote publicly traded put options on Company common stock, and were damaged thereby (the "Settlement Class").[2]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed lead plaintiff, Nabil

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 23, 2026 (the "Stipulation"), which is available at www.Sema4SecuritiesSettlement.com.

[2] "Company Securities" means, collectively, publicly traded Company common stock ("Company Common Stock"), publicly traded Company warrants ("Company Warrants"), publicly traded Company call options ("Company Call Options"), and publicly traded Company put options ("Company Put Options").

Helo ("Lead Plaintiff"), on behalf of himself and the Settlement Class (as defined in ¶25 below), has reached a proposed settlement of the Action for $4,750,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Company, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶97 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants the Company, and Eric Schadt ("Schadt"), Katherine Stueland ("Stueland"), Isaac Ro ("Ro"), and Richard Miao ("Miao") (collectively, the "Individual Defendants"; and, together with the Company, the "Defendants") violated the federal securities laws by making false and misleading statements regarding the Company. A more detailed description of the Action is set forth in paragraphs 11-24 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 25 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $4,750,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 58-80 below.

3. **Estimate of Average Amount of Recovery Per Company Security:** Assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible security is $0.09. Settlement Class Members should note, however, that the foregoing average recovery per security is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Company Securities they purchased, when and at what prices they purchased/acquired or sold their Company Securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 58-80 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Company Security:** The Parties do not agree on the average amount of damages per Company Security that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2022, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay Wolke & Rotter LLP, will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $200,000 (consisting of actual expenses of up to $190,000 incurred in litigating the case and negotiating the Settlement, and reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in an amount not to exceed $10,000). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected Company Security, if the Court approves Lead Counsel's fee and expense application, is $0.03 per eligible security.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Ex Kano S. Sams II, Esq. of Glancy Prongay Wolke & Rotter LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____________, 2026 TO:**<br><br>***Sema4 Holdings Securities Litigation***<br>**c/o Strategic Claims Services**<br>**P.O. Box 230**<br>**600 N. Jackson St., Suite 205**<br>**Media, PA 19063**<br><br>**or**<br><br>**www.Sema4SecuritiesSettlement.com** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiff's Claims (defined in ¶41 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶42 below), so it is in your interest to submit a Claim Form. For more information on submitting a Claim Form, please see ¶47. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2026.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2026.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____________, 2026 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____________, 2026.** | Filing a written objection and notice of intention to appear by _____________, 2026 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**WHAT THIS NOTICE CONTAINS**

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]

How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? . . . . . Page [ ]
What Are Lead Plaintiff's Reasons For The Settlement? . . . . . Page [ ]
What Might Happen If There Were No Settlement? . . . . . Page [ ]
How Are Settlement Class Members Affected By The Action And The Settlement? . . . . . Page [ ]
How Do I Participate In The Settlement? What Do I Need To Do? . . . . . Page [ ]
How Much Will My Payment Be? . . . . . Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? . . . . . Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? . . . . . Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? . . . . . Page [ ]
What If I Bought Securities On Someone Else's Behalf? . . . . . Page [ ]
Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8. The Court directed that the Postcard Notice be mailed, or this Notice and the Claim Form be emailed, to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Company Common Stock, Company Warrants and/or Company Call Options, and/or sold Company Put Options, during the Settlement Class Period. The Court also directed that this Notice be posted online at www.Sema4SecuritiesSettlement.com and mailed to you upon request to the Claims Administrator. The Court has directed the dissemination of these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraphs 86-87 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This litigation stems from alleged violations of the federal securities laws. The alleged violations arise out of various statements the Defendants made about the Company's core product, Centrellis, which Lead Plaintiff alleges were false and/or misleading. More specifically, Lead Plaintiff alleges that: (i) Defendants repeatedly touted Centrellis' purported capabilities to structure and synthesize human health data and create predictive models to enable medical providers to give more accurate diagnoses and design personalized treatment plans for patients; and (ii) contrary to Defendants' representations, Centrellis could not perform its stated capabilities because it did not exist in an operational, deployable form, and that it would require many more years of work and billions of more dollars before Centrellis might exist in such form. Lead Plaintiff further alleges that when the truth regarding Defendants' misrepresentations was revealed, the Company's stock price plummeted, causing significant losses for investors.

12. The procedural history of this Action follows below.

13. On September 7, 2022, a putative class action complaint was filed in this Court styled *Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-JBA.

14. By order dated November 16, 2022, the Court appointed Nabil Helo to serve as Lead Plaintiff for the Action and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP (n/k/a Glancy Prongay Wolke & Rotter LLP) to serve as Lead Counsel for the proposed class.

15. Following appointment as Lead Plaintiff and Lead Counsel, Lead Counsel conducted an in-depth investigation into the Company. On January 30, 2023, Lead Plaintiff filed and served the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") asserting claims against: (i) Defendants the Company, Schadt, Stueland, Ro, and Miao under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder; and (ii) defendants Schadt, Stueland, Ro, and Miao under Section 20(a) of the Exchange Act.

16. In response to the filing of the Amended Complaint, the Defendants asked the Court to dismiss Lead Plaintiff's case in a motion to dismiss, which was filed on August 21, 2023. Lead Plaintiff opposed the Defendants' motion to dismiss on October 6, 2023, and Defendants filed reply papers on October 20, 2023.

17. On July 31, 2024, the Court granted Defendants motion to dismiss the Amended Complaint with leave to amend. *See Helo v. Sema4 Holdings Corp.*, 2024 WL 3593677 (D. Conn. July 31, 2024) ("Helo I").

18. In response to the *Helo I* opinion and the Court's dismissal, Lead Plaintiff continued his investigation and sought to address the perceived pleading deficiencies identified by *Helo I*. To that end, on September 13, 2024, Lead Plaintiff filed his Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "SAC" or "Complaint").

19. While Lead Plaintiff felt the SAC addressed the issues raised by the Court in *Helo I*, the Defendants filed another motion to dismiss on November 26, 2024, which Lead Plaintiff again opposed. By order dated June 23, 2025, the Court denied Defendants' motion to dismiss. *See Helo v. Sema4 Holdings Corp.*, 2025 WL 1733387 (D. Conn. June 23, 2025).

20. Following the denial of Defendants' motion to dismiss the SAC, the Parties proceeded with discovery. Among other things, the Parties served and responded to requests for production of documents, and Lead Plaintiff served 12 subpoenas *duces tecum* on third parties. Defendants produced approximately 7,500 documents consisting of roughly 73,218 pages (including certain of Defendants' emails and business records), and certain non-parties produced approximately 4,700 documents. The Parties also engaged in substantial negotiations related to, among other things, the scope of discovery, scheduling, a protective order that was entered by the Court, and an Electronic Discovery Protocol that was entered by the Parties.

21. While the Parties were actively engaging in fact discovery, they agreed to participate in a private mediation. The Parties selected David M. Murphy, Esq. of Phillips ADR Enterprises to serve as mediator. Lead Plaintiff and Defendants exchanged, and provided to Mr. Murphy, extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. On January 22, 2026, the Parties participated in a full-day mediation session with Mr. Murphy. The session ended without an agreement being reached; however, Mr. Murphy continued to work with the Parties. Following subsequent negotiations, Mr. Murphy made a mediator's recommendation to resolve the Action for $4,750,000 in cash for the benefit of the Settlement Class, which the Parties accepted.

22. Based on the investigation, litigation and mediation of the case and Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

23. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any fault, liability, or wrongdoing.

24. On _____________, 2026, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

25. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities that purchased the publicly-traded common stock and/or warrants of Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp. (the "Company"), and/or purchased publicly traded call options on Company common stock, and/or wrote publicly traded put options on Company common stock, between January 18, 2022 and August 15, 2022, both dates inclusive (the "Settlement Class Period"), and were damaged thereby.

Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants and their Immediate Family members; (ii) any person who served as

a control person, officer, and/or director of the Company during the Settlement Class Period and their Immediate Family members; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of the Company; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page [__] below.

**PLEASE NOTE: RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.Sema4SecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than ________, 2026.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

26. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, that many offsetting factors exist, such as the expense and length of the continued litigation necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. Indeed, in response to Defendants' first motion to dismiss, the Court dismissed Lead Plaintiff's Amended Complaint. While Lead Plaintiff was able survive the Defendants' motion to dismiss the SAC, Defendants still had numerous avenues of attack that could preclude a recovery. To succeed, Lead Plaintiff would have to develop evidence sufficient to prevail at several stages of litigation – class certification, summary judgment, and trial – and if he prevailed on those, appeals were likely to follow. Thus, there are very significant risks attendant to the continued prosecution of the Action.

27. To succeed in this litigation, Lead Plaintiff would have to prove each of the following elements: (i) falsity (*i.e.*, that the Defendants made false statements); (ii) materiality (that the Defendants made false statements about a material fact); (iii) scienter (that there was a strong or cogent inference that the Defendants made such materially false statements on purpose or recklessly); (iv) loss causation (that the Defendants' materially false statements proximately caused the decline in the Company's stock price); and (v) damages. Defendants, on the other hand, would only need to negate one element for Lead Plaintiff and the class to lose, and each element had risks.

28. First, Defendants argued – and would have continued to argue – that Lead Plaintiff would not have been able to establish liability. For example, Defendants asserted that there was no material misstatement or omission about Centrellis, and suggested that Centrellis existed, was

operational, and that the Company was pursuing research and development efforts to commercialize and monetize Centrellis. Defendants also asserted that the Company repeatedly cautioned, prior to and throughout the Settlement Class Period, that the commercialization of Centrellis was subject to multiple risks and expenses. Defendants argued that the market internalized those purported disclosures, which they claimed negated any suggestion that the statements about Centrellis were misleading.

29. Second, Defendants asserted that the alleged misrepresentations would not have been material to a reasonable investor. Defendants contended that both prior to and after the GeneDx, Inc. acquisition, the vast majority of the Company's revenue came from diagnostic test solutions rather than data platforms. Defendants also suggested that the Company purportedly never provided guidance on, or reported segmented revenue from, Centrellis because it was not a material piece of the Company's revenue generation.

30. Third, Defendants argued – and would have continued to argue – that Lead Plaintiff would not have been able to establish scienter. For example, Defendants asserted that Lead Plaintiff would not have been able to show that Defendants gained a concrete and personal benefit from the alleged misstatements about Centrellis because, among other reasons, each of the four Individual Defendants' stock holdings remained stable or increased during the Settlement Class Period. Defendants also argued that: (i) since Defendant Stueland did not join the Company until halfway through the Settlement Class Period and previously served as CEO of GeneDx, Inc., she was incentivized to maximize the value paid by Sema4 Holdings Corp. to GeneDx, Inc. in the merger; and (ii) Defendant Miao was appointed as interim CFO after the merger agreement was signed, announced, and closed, and thus could not have been part of any fraud designed to close the GeneDx, Inc. acquisition. Additionally, Defendants asserted that: (i) Defendant Miao was not alleged to have made any statements about Centrellis during his tenure; and (ii) Defendant Ro only served as the Company's CFO for a few months of the Settlement Class Period and that he made no statements about Centrellis during that timeframe.

31. Fourth, Defendants argued – and would have continued to argue – that Lead Plaintiff would not have been able to establish loss causation. Specifically, Defendants asserted that Lead Plaintiff would be unable to adduce evidence showing that there was any corrective disclosure about Centrellis that caused the Company's stock price to decline. Defendants argued that, to the contrary, to the limited extent Centrellis was mentioned during the August 15, 2022 earnings call, the Company's statements were positive and reaffirmed its commitment to Centrellis. Defendants further asserted that no analyst report, news story, or any other source suggested that the Company's Q2 2022 results or stock performance were related in any way to Centrellis.

32. In addition to proving liability and damages, Plaintiff would have to show that the Action was entitled to proceed as a class action. While Lead Counsel believes that class certification of the Action was warranted, Defendants likely would have contested this issue as well. Defendants would have asserted that price impact was lacking and that the statements at issue were generic, were not alleged to be untrue, and that there was a fundamental mismatch between the supposedly inflationary and deflationary statements.

33. Simply put, if the litigation were to continue, Lead Plaintiff would need to prevail on multiple elements, and at several stages—motions for class certification, summary judgment, and trial—in order to recover anything. And if he prevailed at all those stages, he would likely face appeals. Thus, there were very significant risks attendant to the continued prosecution of the

Action, and even if Lead Plaintiff prevailed, it would be several years in the future.

34. In light of these risks and other considerations, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $4,750,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after class certification, summary judgment, trial and appeals, possibly years in the future.

35. The Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. The Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

36. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants managed to prove any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than that provided by the Settlement, or perhaps nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

37. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

38. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page __ below.

39. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

40. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the

claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims (as defined in ¶41 below) on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against the Defendants and the other Released Defendants' Parties (as defined in ¶42 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties.

41. "Released Plaintiff's Claims" means all claims, actions, causes of action, and lawsuits, of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory, and whether direct, class, or individual in nature, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon both (a) the allegations, transactions, facts, matters or occurrences, representations or omissions set forth, or referred to, in the Action, and (b) the purchase or sale of the Company's Securities during the Settlement Class Period. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims, including those asserted in the following actions: (a) *Steven Scinto v. Eric Schadt, et al.*, Case No. 3:24-cv-01100-VDO (D. Conn.); (b) *In re GeneDx Holdings Corp. Derivative Litigation*, Lead Case No. 1:23-cv-01357-GBW (D. Del.), and (c) any actions consolidated therewith; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

42. "Released Defendants' Parties" means (i) Defendants; (ii) the Immediate Family members (as defined in the Stipulation) of the Individual Defendants; (iii) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (iv) for any of the entities listed in parts (i) through (iii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, parents, predecessors, successors, subsidiaries, assigns, heirs, executors, and any controlling person thereof; and (v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

43. "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived,

and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

44. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶45 below) on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Released Plaintiff's Parties (as defined in ¶46 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff's Parties.

45. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or are based upon the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

46. "Released Plaintiff's Parties" means (i) Lead Plaintiff, all Settlement Class members, any other plaintiffs in the Action, Plaintiff's Counsel, any other counsel for plaintiffs in the Action, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, parents, predecessors, successors, subsidiaries, assigns, heirs, executors, and any controlling person thereof; all in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

47. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form to the Claims Administrator by first-class mail to:

***Sema4 Holdings Securities Litigation***
**c/o Strategic Claims Services**
**P.O. Box 230**

**600 N. Jackson St., Suite 205**
**Media, PA 19063**
**Fax: (610) 565-7985**
**info@strategicclaims.net**

**OR SUBMIT THE CLAIM FORM ONLINE at www.Sema4SecuritiesSettlement.com.** The completed Claim Form must include adequate supporting documentation and must be **postmarked or received no later than 11:59 p.m. ET on _____________, 2026**. A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.Sema4SecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 274-4004. Please retain all records of your ownership of and transactions in Company Securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

48. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

49. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid four million and seven hundred and fifty thousand dollars ($4,750,000) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

50. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

51. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

52. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

53. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____________, 2026 shall be fully and forever barred from

receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiff's Claims (as defined in ¶41 above) against the Released Defendants' Parties (as defined in ¶42 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Released Defendants' Parties, whether or not such Settlement Class Member submits a Claim Form.

54. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Company Securities held through the ERISA Plan in any Claim Form that they submit. They should include ONLY those Company Securities that they themselves purchased and/or sold outside of the ERISA Plan. ERISA Plan administrators are responsible for and may file a claim on behalf of an ERISA Plan; plan participants may not separately file a claim for the same securities. The Company's employee retirement and/or benefit plan(s) are excluded from the Settlement Class.

55. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

56. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

57. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

58. The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are intended solely as a method to weigh the claims of Authorized Claimants against one another for the purpose of making a *pro rata* allocation of the Net Settlement Fund.

59. The Plan of Allocation generally measures the amount of loss that a Settlement Class Member can claim for purposes of making a *pro rata* allocation of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines in the Company Securities observed over the period during which Plaintiff alleges corrective information was entering the marketplace.

60. In the Action, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, January 18, 2022 through August 15, 2022,

inclusive) which had the effect of artificially inflating the prices of Company Securities.[3] The estimated alleged artificial inflation in the prices of Company Common Stock and Company Warrants during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the Company Common Stock and Company Warrants during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiff and the price change in the securities, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

61. For losses to be compensable damages under the federal securities laws, disclosures correcting the alleged misrepresentations must be the cause of the decline in the prices of Company Securities. Lead Plaintiff alleges that corrective disclosures removed the artificial inflation from the prices of Company Securities on August 16, 2022. Accordingly, with respect to Company Common Stock, Company Warrants, and Company Call Options, in order to have a Recognized Loss Amount, such securities must have been purchased during the Settlement Class Period and held through the close of trading on August 15, 2022. With respect to Company Put Options, those options must have been written (sold) during the Settlement Class Period and still outstanding at the close of trading on August 15, 2022.

62. To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her, or its Recognized Loss Amount for those transactions will be zero.

**Table 1**
**Estimated Per-Security Artificial Inflation**

| From | To | Price Inflation Per Share of Company Common Stock | Price Inflation Per Company Warrant |
|---|---|---|---|
| January 18, 2022 | August 15, 2022 | $0.78 | $0.19 |
| August 16, 2022 | Thereafter | $0.00 | $0.00 |

63. The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Company Common Stock and Company Warrants. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that the Recognized Loss Amount on Company Common Stock and Company Warrants purchased during the Settlement Class Period and held as of the close of the 90-day period following the end of the Settlement Class Period (the "90-Day Lookback Period") shall not exceed the difference between the purchase price paid for such securities and the average closing price of the security during the 90-Day Lookback Period. The Recognized Loss Amount on Company Common Stock and Company Warrants purchased during the Settlement Class Period and sold during the 90-Day Lookback Period shall not exceed the difference between the purchase price paid for such securities and the average closing price of

[3] At the start of the Settlement Class Period, Sema4 Holdings Corp.'s common stock and warrants were listed on the Nasdaq Global Select Market ("Nasdaq") under the ticker symbols "SMFR" and "SMFRW," respectively. Sema4 acquired GeneDx on April 29, 2022. Effective January 9, 2023, Sema4 changed its name to GeneDx Holdings Corp., and its common stock and warrants began trading under the ticker symbols "WGS" and "WGSWW," respectively, on January 10, 2023. On May 4, 2023, the Company effected a 1-for-33 reverse stock split. Unless otherwise indicated, all quantities and prices herein are presented without adjustment for the reverse stock split.

the security during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

64. The per-security Recognized Loss Amount for Company Common Stock and Company Warrants shall be the Recognized Loss Amount as described below in "Calculation of Per-Security Recognized Loss Amounts for Company Common Stock and Company Warrants." The per-option Recognized Loss Amount for Company Call Options and Company Put Options shall be the Recognized Loss Amount as described below in "Calculation of Per-Option Recognized Loss Amounts." In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. Any transactions in Company Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## <u>CALCULATION OF PER-SECURITY RECOGNIZED LOSS AMOUNTS FOR COMPANY COMMON STOCK AND COMPANY WARRANTS</u>

65. Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase of Company Common Stock and Company Warrants during the Settlement Class Period (*i.e.*, January 18, 2022 through August 15, 2022, inclusive), that is listed in the Claim Form and for which adequate documentation is provided.

For each share of Company Common Stock and each Company Warrant that was purchased during the period January 18, 2022 through August 15, 2022, inclusive,

i. that was sold (or exercised in the case of the warrants) prior to August 16, 2022, the Recognized Loss Amount is $0.00.

ii. that was sold (or exercised) during the period August 16, 2022 through November 11, 2022, inclusive (*i.e.*, sold/exercised during the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

   a. the amount of inflation on the date of purchase as appears in Table 1 above; or

   b. the purchase price *minus* the sale price; or

   c. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

iii. that was still held as of the close of trading on November 11, 2022, the Recognized Loss Amount is *the lesser of*:

   a. the amount of inflation on the date of purchase as appears in Table 1 above; or

   b. the purchase price *minus* the average closing price for the security during the 90-Day Lookback Period, which is $1.01 for Company Common Stock and $0.21 for Company Warrants.

**Table 2**
**90-Day Lookback Values**

| Sale/Disposition Date | Company Common Stock | Company Warrants |
|---|---|---|
| 8/16/2022 | $1.60 | $0.27 |
| 8/17/2022 | $1.47 | $0.27 |

| | | |
|---|---|---|
| 8/18/2022 | $1.41 | $0.27 |
| 8/19/2022 | $1.36 | $0.27 |
| 8/22/2022 | $1.31 | $0.26 |
| 8/23/2022 | $1.28 | $0.26 |
| 8/24/2022 | $1.27 | $0.26 |
| 8/25/2022 | $1.26 | $0.27 |
| 8/26/2022 | $1.24 | $0.27 |
| 8/29/2022 | $1.23 | $0.27 |
| 8/30/2022 | $1.21 | $0.28 |
| 8/31/2022 | $1.20 | $0.27 |
| 9/1/2022 | $1.18 | $0.27 |
| 9/2/2022 | $1.17 | $0.27 |
| 9/6/2022 | $1.16 | $0.27 |
| 9/7/2022 | $1.15 | $0.27 |
| 9/8/2022 | $1.15 | $0.26 |
| 9/9/2022 | $1.15 | $0.26 |
| 9/12/2022 | $1.14 | $0.26 |
| 9/13/2022 | $1.13 | $0.26 |
| 9/14/2022 | $1.13 | $0.26 |
| 9/15/2022 | $1.12 | $0.26 |
| 9/16/2022 | $1.12 | $0.26 |
| 9/19/2022 | $1.11 | $0.25 |
| 9/20/2022 | $1.11 | $0.25 |
| 9/21/2022 | $1.10 | $0.25 |
| 9/22/2022 | $1.10 | $0.25 |
| 9/23/2022 | $1.09 | $0.24 |
| 9/26/2022 | $1.08 | $0.24 |
| 9/27/2022 | $1.07 | $0.24 |
| 9/28/2022 | $1.07 | $0.24 |
| 9/29/2022 | $1.06 | $0.24 |
| 9/30/2022 | $1.06 | $0.24 |
| 10/3/2022 | $1.05 | $0.24 |
| 10/4/2022 | $1.05 | $0.24 |
| 10/5/2022 | $1.05 | $0.24 |
| 10/6/2022 | $1.05 | $0.24 |
| 10/7/2022 | $1.05 | $0.24 |
| 10/10/2022 | $1.04 | $0.24 |
| 10/11/2022 | $1.04 | $0.24 |
| 10/12/2022 | $1.03 | $0.24 |
| 10/13/2022 | $1.03 | $0.24 |
| 10/14/2022 | $1.03 | $0.24 |
| 10/17/2022 | $1.02 | $0.23 |
| 10/18/2022 | $1.02 | $0.23 |
| 10/19/2022 | $1.02 | $0.23 |
| 10/20/2022 | $1.02 | $0.23 |
| 10/21/2022 | $1.02 | $0.23 |

| | | |
|---|---|---|
| 10/24/2022 | $1.02 | $0.23 |
| 10/25/2022 | $1.02 | $0.23 |
| 10/26/2022 | $1.02 | $0.23 |
| 10/27/2022 | $1.02 | $0.22 |
| 10/28/2022 | $1.02 | $0.22 |
| 10/31/2022 | $1.02 | $0.22 |
| 11/1/2022 | $1.02 | $0.22 |
| 11/2/2022 | $1.02 | $0.22 |
| 11/3/2022 | $1.02 | $0.22 |
| 11/4/2022 | $1.02 | $0.22 |
| 11/7/2022 | $1.01 | $0.21 |
| 11/8/2022 | $1.01 | $0.21 |
| 11/9/2022 | $1.01 | $0.21 |
| 11/10/2022 | $1.01 | $0.21 |
| 11/11/2022 | $1.01 | $0.21 |

## CALCULATION OF PER-OPTION RECOGNIZED LOSS AMOUNTS

66. Based on the formula set forth below, a Recognized Loss Amount shall be calculated for each Company Call Option purchased during the Settlement Class Period (*i.e.* January 18, 2022 through August 15, 2022, inclusive) that is listed in the Claim Form and for which adequate documentation is provided.

For each Company Call Option purchased during the Settlement Class Period, the Recognized Loss Amount per option shall be calculated as follows:

i. For each Company Call Option not held at the close of trading on August 15, 2022, the Recognized Loss Amount is $0.00.

ii. For each Company Call Option held at the close of trading on August 15, 2022, the Recognized Loss Amount is equal to: the purchase price *minus* the intrinsic value of the option as of the close of trading on August 16, 2022, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $1.60 *minus* the strike price of the option.[4]

No Recognized Loss Amount shall be calculated based upon the purchase or acquisition of any Company Call Option that had been previously sold or written.

67. Based on the formula set forth below, a Recognized Loss Amount shall be calculated for each Company Put Option written (sold) during the Settlement Class Period (*i.e.* January 18, 2022 through August 15, 2022, inclusive) that is listed in the Claim Form and for which adequate documentation is provided.

For each Company Put Option written (sold) during the Settlement Class Period, the Recognized Loss Amount per option shall be calculated as follows:

i. For each Company Put Option not open or outstanding at the close of trading on August 15, 2022, the Recognized Loss Amount is $0.00.

ii. For each Company Put Option still open or outstanding at the close of trading on August 15, 2022, the Recognized Loss Amount is equal to: the intrinsic value of

[4] $1.60 is the closing price of Company Common Stock on August 16, 2022.

the option as of the close of trading on August 16, 2022 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $1.60.

No Recognized Loss Amount shall be calculated based upon the sale or writing of any Company Put Option that had been previously purchased or acquired.

68. **Maximum Recovery for Options:** Settlement proceeds available for Company Call Options purchased during the Settlement Class Period and Company Put Options written (sold) during the Settlement Class Period shall be limited to a total amount equal to 1.0% of the Net Settlement Fund.[5]

## ADDITIONAL PROVISIONS

69. The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 72 below) is $10.00 or greater.

70. **FIFO Matching:** If a Settlement Class Member has more than one purchase or sale of Company Securities, all purchases and sales shall be matched by security type on a first-in, first-out ("FIFO") basis. Settlement Class Period sales will be matched first against holdings of the applicable security type at the beginning of the Settlement Class Period, and then against purchases of that security type in chronological order, beginning with the earliest purchase made during the Settlement Class Period.

71. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts for all Company Securities.

72. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

73. **"Purchase/Sale" Dates:** Purchases and sales of Company Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Company Securities during the Settlement Class Period shall not be deemed a purchase or sale of Company Securities for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of any Company Security unless (i) the donor or decedent purchased such security during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such security; and (iii) it is specifically so provided in the instrument of gift or

---

[5] Trading in Company Call Options and Company Put Options accounted for approximately 1.0% of the total dollar trading volume for all Company Securities during the Settlement Class Period. Consequently, claims for Company Call Options and Company Put Option transactions are allotted 1.0% of the Settlement pursuant to the Plan of Allocation.

assignment.

74. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of Company Common Stock. The date of a "short sale" is deemed to be the date of sale of the Company Common Stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has a short position in Company Common Stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position, and shall not be entitled to a recovery, until that short position is fully covered.

75. **Company Common Stock Acquired/Sold Through Exercise of Options or Warrants:** With respect to Company Common Stock purchased or sold through the exercise of a Company Call Option, Company Put Option or Company Warrant, the purchase/sale date of such stock shall be the exercise date of the option or warrant, and the purchase/sale price of such stock shall be the strike (exercise) price of the option or warrant. Any Recognized Loss Amount arising from Company Common Stock purchased during the Settlement Class Period through the exercise of a Company Call Option, Company Put Option or Company Warrant shall be computed as provided for other purchases of Company Common Stock in the Plan of Allocation.

76. **Company Common Stock Acquired Through the Acquisition PIPE:** Company Common Stock issued in the private placement financing conducted in connection with the acquisition of GeneDx, Inc. (the "Acquisition PIPE") is *not* an eligible security for purposes of the Settlement.

77. **Company Securities Acquired Through the Exercise, Conversion or Exchange of Non-Publicly Traded Securities:** Notwithstanding any of the above, Company Securities acquired through the exercise, conversion, or exchange of non-publicly traded securities of the Company are not eligible to participate in the Settlement. Furthermore, Company Securities acquired in exchange for securities of any corporation or entity other than the Company are not eligible to participate in the Settlement.

78. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

79. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against the Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages expert,

Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants and their respective counsel, and all other Released Defendants' Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

80. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with his damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.Sema4SecuritiesSettlement.com.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

81. Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiff's Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $200,000 (consisting of actual expenses of up to $190,000 incurred in litigating the case and negotiating the Settlement, and reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in an amount not to exceed $10,000). The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

82. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Sema4 Holdings Securities Litigation,* EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063. The exclusion request must be ***received*** no later than ______________, 2026. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity " requests exclusion from the Settlement Class in *Nabil Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO"; and (c) be signed by the person or entity requesting exclusion or an authorized representative. In addition, a request for exclusion must state the number and type of Company Securities that the

person or entity requesting exclusion purchased, acquired, wrote and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

83. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Released Defendants' Parties.

84. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

85. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

86. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

87. The Settlement Hearing will be held on _____________, 2026 at __:__ _.m., before the Honorable Vernon D. Oliver at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, United States Courthouse, Courtroom 3, 450 Main Street, Hartford, Connecticut 06103. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

88. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Connecticut at the address set forth below on or before _____________, 2026. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____________, 2026**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Clerk of the Court<br>Abraham Ribicoff Federal Building<br>United States District Court<br>450 Main Street<br>Suite A012<br>Hartford, CT 06103 | Glancy Prongay Wolke & Rotter LLP<br>Attn: Ex Kano S. Sams II, Esq.<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067 | Fenwick & West LLP<br>Attn: Dean S. Kristy, Esq.<br>555 California Street<br>12th Floor<br>San Francisco, CA 94104<br><br>-and-<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>Attn: Avi Perry, Esq.<br>555 13th Street NW<br>Suite 600<br>Washington, D.C. 20004 |

89. Any objection must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) clearly identify the case name and number (*Nabil Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO); (c) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove membership in the Settlement Class, including the number and type of Company Securities that the person or entity objecting purchased, acquired, wrote, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale/writing. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

90. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

91. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before _____________, 2026**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

92. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at

your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶88 above so that the notice is ***received* on or _____________, 2026.**

93. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

94. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SECURITIES ON SOMEONE ELSE'S BEHALF?

95. If you purchased Company Common Stock, Company Warrants, and/or Company Call Options, and/or wrote Company Put Options between January 18, 2022 and August 15, 2022, inclusive, for the beneficial interest of persons or organizations other than yourself, you must, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement, either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Postcard Notices, forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form (collectively, the "Notice Packet") and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses, and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator at *Sema4 Holdings Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063, in which event the Claims Administrator shall promptly mail the Postcard Notice, or email a link to the Notice Packet, to such beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

96. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing the link to the Notice Packet; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

97. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, 450 Main Street, Suite A012, Hartford, CT 06103. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.Sema4SecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

*Sema4 Holdings Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net

and/or

Ex Kano S. Sams II, Esq.
Glancy Prongay Wolke & Rotter LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
settlements@glancylaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: __________, 2026

By Order of the Court
United States District Court
for the District of Connecticut

**Exhibit A-2**

***Sema4 Holdings Securities Litigation***
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson St., Suite 205**
**Media, PA 19063**
**Toll Free Number: (866) 274-4004**
**Settlement Website: www.Sema4SecuritiesSettlement.com**
**Email: info@strategicclaims.net**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and submit it online at www.Sema4SecuritiesSettlement.com or mail it by first-class mail to the above address, **submitted online or postmarked no later than 11:59 p.m. ET on ___________.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

**TABLE OF CONTENTS** **PAGE #**

**PART I – CLAIMANT INFORMATION** _

**PART II – GENERAL INSTRUCTIONS** _

**PART III – SCHEDULE OF TRANSACTIONS IN COMPANY COMMON STOCK** _

**PART IV – SCHEDULE OF TRANSACTIONS IN COMPANY WARRANTS** _

**PART V – SCHEDULE OF TRANSACTIONS IN COMPANY CALL OPTIONS** _

**PART VI – SCHEDULE OF TRANSACTIONS IN COMPANY PUT OPTIONS** _

**PART VII – RELEASE OF CLAIMS AND SIGNATURE** _

## PART I – CLAIMANT INFORMATION

(Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City | State | Zip Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home) | Telephone Number (work)

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):

- ☐ Individual (includes joint owner accounts)
- ☐ Corporation
- ☐ IRA/401K
- ☐ Pension Plan
- ☐ Estate
- ☐ Other ___________________________ (please specify)
- ☐ Trust

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account you may write "multiple." Please see paragraph 12 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to all persons and entities that purchased the publicly traded common stock and/or warrants of Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp. (the "Company"), and/or purchased publicly traded call options on Company common stock, and/or wrote publicly traded put options on Company common stock, between January 18, 2022 and August 15, 2022, both dates inclusive (the "Settlement Class Period"), and were damaged thereby (the "Settlement Class").[2] All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants and their Immediate Family members; (ii) any person who served as a control person, officer, and/or director of the Company during the Settlement Class Period and their Immediate Family members; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of the Company; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

4. If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5. If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a

---

[2] "Company Securities" means, collectively, publicly traded Company common stock ("Company Common Stock"), publicly traded Company warrants ("Company Warrants"), publicly traded Company call options ("Company Call Options"), and publicly traded Company put options ("Company Put Options").

Settlement Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting each and every Released Plaintiff's Claim (including Unknown Claims) against Released Defendants' Parties.

6. You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7. Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8. Use the Schedule of Transactions in Parts III–VI of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable Company Securities. On the Schedule of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable Company Securities, whether such transactions resulted in a profit or a loss. Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.

9. Please note: Only Company Common Stock, Company Warrants, and Company Call Options purchased, and Company Put Options sold, during the Settlement Class Period (*i.e.*, from January 18, 2022 through August 15, 2022, inclusive) are eligible under the Settlement. However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Company Common Stock and Company Warrants during the period from August 16, 2022 through and including November 11, 2022, (*i.e.*, the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

10. You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Company Securities set forth in the Schedule of Transactions in Parts III–VI of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Company Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the

name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

12. All joint beneficial owners must sign this Claim Form. If you purchased Company Common Stock, Company Warrants or Company Call Options, or sold Company Put Options, during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased Company Common Stock, Company Warrants or Company Call Options, or sold Company Put Options, during the Settlement Class Period, and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

13. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Company Securities; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Company Securities you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

15. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

17. PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the

calculation and no distribution will be made to that Authorized Claimant.

18. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services at P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you may download the documents from the Settlement website, www.Sema4SecuritiesSettlement.com.

19. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.Sema4SecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

20. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.Sema4SecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL OR EMAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

## PART III – SCHEDULE OF TRANSACTIONS IN COMPANY COMMON STOCK

Complete this Part III if and only if you purchased/acquired Company Common Stock during the period from January 18, 2022 through and including August 15, 2022. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Company Common Stock.

**1. BEGINNING HOLDINGS** – State the total number of shares of Company Common Stock held as of the close of trading on January 17, 2022. (Must be documented.) If none, write "zero" or "0." ____________________

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 11, 2022** – Separately list each and every purchase/acquisition (including free receipts) of Company Common Stock from after the opening of trading on January 18, 2022, through and including the close of trading on November 11, 2022. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 11, 2022** – Separately list each and every sale/disposition (including free deliveries) of Company Common Stock from after the opening of trading on January 18, 2022, through and including the close of trading on November 11, 2022. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**4. ENDING HOLDINGS** – State the total number of shares of Company Common Stock held as of the close of trading on November 11, 2022. (Must be documented.) If none, write "zero" or "0." ____________________

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS, YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

**IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART IV – SCHEDULE OF TRANSACTIONS IN COMPANY WARRANTS

Complete this Part IV if and only if you purchased/acquired Company Warrants during the period from January 18, 2022, through and including August 15, 2022. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, paragraph 10, above. Do not include information in this section regarding securities other than Company Warrants.

**1. BEGINNING HOLDINGS** – State the total number of Company Warrants held as of the close of trading on January 17, 2022. (Must be documented.) If none, write "zero" or "0." ____________________

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 11, 2022** – Separately list each and every purchase/acquisition (including free receipts) of Company Warrants from after the opening of trading on January 18, 2022, through and including the close of trading on November 11, 2022. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Warrants Purchased/Acquired | Purchase/Acquisition Price Per Warrant | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 11, 2022** – Separately list each and every sale/disposition (including free deliveries) of Company Warrants from after the opening of trading on January 18, 2022, through and including the close of trading on November 11, 2022. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Warrants Sold | Sale Price Per Warrant | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**4. WARRANT EXERCISES DURING THE SETTLEMENT CLASS PERIOD THROUGH NOVEMBER 11, 2022** – Separately list each and every exercise of Company Warrants from after the opening of trading on January 18, 2022, through and including the close of trading on November 11, 2022. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Exercise<br>(List Chronologically)<br>(Month/Day/Year) | Number of<br>Warrants Exercised |
|---|---|
| / / | |
| / / | |
| / / | |
| / / | |

**6. ENDING HOLDINGS** – State the total number of Company Warrants held as of the close of trading on November 11, 2022. (Must be documented.) If none, write "zero" or "0." ____________________

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART V– SCHEDULE OF TRANSACTIONS IN COMPANY CALL OPTIONS

Complete this Part V if and only if you purchased/acquired Company Call Options during the period from January 18, 2022 through August 15, 2022, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Company Call Options.

| **1. BEGINNING HOLDINGS** – Separately list all positions in Company Call Option contracts in which you had an open interest as of the close of trading on January 17, 2022. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Company Call Option contracts from after the opening of trading on January 18, 2022, through and including the close of trading on August 15, 2022. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/ Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "E" if Exercised<br>Insert an "A" if Assigned<br>Insert an "X" if Expired | Exercise Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

| **3. SALES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Company Call Options from after the opening of trading on January 18, 2022, through and including the close of trading on August 15, 2022. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |
| / / | $ | / / | | | $ | $ |

| **4. ENDING HOLDINGS** – Separately list all positions in Company Call Option contracts in which you had an open interest as of the close of trading on August 15, 2022. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## PART VI – SCHEDULE OF TRANSACTIONS IN COMPANY PUT OPTIONS

Complete this Part VI if and only if you sold (wrote) Company Put Options during the period from January 18, 2022 through August 15, 2022, inclusive. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Company Put Options.

| **1. BEGINNING HOLDINGS** – Separately list all positions in Company Put Option contracts in which you had an open interest as of the close of trading on January 17, 2022. (Must be documented.) | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. SALES (WRITING) DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale (writing) (including free deliveries) of Company Put Option contracts from after the opening of trading on January 18, 2022, through and including the close of trading on August 15, 2022. (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned<br>Insert an "E" if Exercised<br>Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |
| / / | $ | / / | | | | $ | | / / |

| **3. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Company Put Option contracts from after the opening of trading on January 18, 2022, through and including the close of trading on August 15, 2022. (Must be documented.) | | | | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|---|---|---|
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |
| / / | $ | / / | | | | $ |

| **4. ENDING HOLDINGS** – Separately list all positions in Company Put Option contracts in which you had an open interest as of the close of trading on August 15, 2022. (Must be documented.) | | | **IF NONE, CHECK HERE** ☐ |
|---|---|---|---|
| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

## ***PART VII – RELEASE OF CLAIMS AND SIGNATURE***

## ***YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [ ] OF THIS CLAIM FORM.***

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and my (our) successors and assigns, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in the Stipulation and in the Notice) against the Released Defendants' Parties (as defined in the Stipulation and in the Notice) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any or all of the Released Plaintiff's Claims against any Released Defendants' Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Notice and in paragraph 3 on page __ of this Claim Form;

3. that I (we) own(ed) the Company Securities identified in the Claim Form and have not assigned the claim against the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Company Securities and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

5. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7. that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

8. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of Claimant Date

Print your name here

Signature of joint Claimant, if any Date

Print your name here

***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Signature of person signing on behalf of Claimant Date

Print your name here

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC.* (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 14 ON PAGE __ OF THIS CLAIM FORM.)

**REMINDER CHECKLIST:**

1. Please sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.
2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3. Please do not highlight any portion of the Claim Form or any supporting documents.
4. Do not send original security certificates or documentation. These items cannot be returned to you by the Claims Administrator.
5. Keep copies of the completed Claim Form and documentation for your own records.
6. The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard or email. **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**
7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.
8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or toll-free at (866) 274-4004 or visit www.Sema4SecuritiesSettlement.com. Please DO NOT call the Company or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN ____________________, 2026**, ADDRESSED AS FOLLOWS:

*Sema4 Holdings Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

OR SUBMITTED ONLINE AT WWW.SEMA4SECURITIESSETTLEMENT.COM **ON OR BEFORE 11:59 P.M. ET ON _____, 2026**.

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _________________, 2026 is indicated on the envelope, and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**Exhibit A-3**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, AND RICHARD MIAO,<br><br>Defendants. | Case No.: 3:22-cv-01131-VDO |

**SUMMARY NOTICE: OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period between January 18, 2022 and August 15, 2022, inclusive, purchased the publicly traded common stock and/or warrants of Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp. (the "Company"), and/or purchased publicly traded call options on Company common stock, and/or wrote publicly traded put options on Company common stock, and were damaged thereby (the "Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Connecticut, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement

[1] All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 23, 2026 (the "Stipulation"), which is available at www.Sema4SecuritiesSettlement.com.

Class by definition as set forth in the full Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Lead Plaintiff in the Action has reached a proposed settlement of the Action for $4,750,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____________, 2026 at __:__ _.m., before the Honorable Vernon D. Oliver at the United States District Court for the District of Connecticut, Abraham Ribicoff Federal Building, United States Courthouse, Courtroom 3, 450 Main Street, Hartford, Connecticut 06103, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.Sema4SecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Sema4 Holdings Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; by email at info@strategicclaims.net; or toll-free at (866) 274-4004.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* or *online* no later than _____________, 2026. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____________, 2026, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____________, 2026, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, the Company, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Sema4 Holdings Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY WOLKE & ROTTER LLP
Ex Kano S. Sams II, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
info@glancylaw.com

By Order of the Court

Sema4 Holdings Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**Exhibit A-4**
[Postage Prepaid]

***COURT-ORDERED LEGAL NOTICE***

**Important Notice about a Securities Class Action Settlement.**

**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**

*Nabil Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO (D. Conn.)

Name
Address
City, State
Zip

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.SEMA4SECURITIESSETTLEMENT.COM FOR MORE INFORMATION.***

The United States District Court for the District of Connecticut ("Court") has preliminarily approved a proposed Settlement of claims against Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp. (the "Company") and certain executives and directors of Sema4 ("Defendants"). The Settlement would resolve a lawsuit in which the Plaintiff alleges that Defendants violated the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased the publicly traded common stock and/or warrants of the Company, and/or purchased publicly traded call options on Company common stock, and/or wrote publicly traded put options on Company common stock, between January 18, 2022 and August 15, 2022, both dates inclusive, and were damaged thereby.

The Settlement dismisses and releases all claims against Defendants and creates a fund consisting of $4,750,000, plus interest earned thereon and less attorneys' fees and other expenses, which will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). **For all details of the Settlement, read the Stipulation and full Notice, available at www.Sema4SecuritiesSettlement.com. The Notice will contain information related to, among other things, the allocation of the Settlement Fund, and the average recovery per Company Security.**

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.Sema4SecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator at *Sema4 Holdings Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063; (866) 274-4004; info@strategicclaims.net. **Claim Forms must be postmarked or submitted online by ______________**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _______, 2026, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by __________, 2026. The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on ________, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus actual expenses up to $190,000 for litigating the case and negotiating the Settlement, and reimbursement of Plaintiff's costs and expenses related to his representation of the Settlement Class in an amount not to exceed $10,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (866) 274-4004 or visit the website www.Sema4SecuritiesSettlement.com and read the detailed Notice.

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NABIL HELO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEMA4 HOLDINGS CORP., ERIC SCHADT, KATHERINE STUELAND, ISAAC RO, AND RICHARD MIAO,<br><br>Defendants. | Case No.: 3:22-cv-01131-VDO |

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a class action is pending in this Court entitled *Nabil Helo v. Sema4 Holdings Corp., et al.*, Case No. 3:22-cv-01131-VDO (the "Action");

WHEREAS, (a) lead plaintiff Nabil Helo ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and (b) defendants Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp. (the "Company"), and Eric Schadt, Katherine Stueland, Isaac Ro, and Richard Miao (collectively, "Individual Defendants"; together with the Company, "Defendants"; and together with Lead Plaintiff, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 23, 2026 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall

have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated __________ __, 2026 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on __________ __, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on __________ __, 2026; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on ______ __,

2026.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased the publicly-traded common stock and/or warrants of Sema4 Holdings Corp. n/k/a GeneDx Holdings Corp., (the "Company"), and/or purchased publicly traded call options on Company common stock, and/or wrote publicly traded put options on Company common stock, between January 18, 2022 and August 15, 2022, both dates inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants and the Immediate Family members; (ii) any person who served as a control person, officer, and/or director of the Company during the Settlement Class Period and their Immediate Family members; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of the Company; (iv) any entity in which the Defendants have or had a controlling interest; (v) any trust of which an Individual Defendant is the settler or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; (vi) Defendants' liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof.[1] [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to

[1] For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with the Company or one of the Individual Defendants.

request.]

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as the Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable

law and rules.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon

the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against the Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Released Defendants' Parties. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(w) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Released Plaintiff's Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiff's Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their

respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff's Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability,

negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff's Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

13. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff's, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of February 11, 2026, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _______ day of ______________, 2026.

_______________________________________
The Honorable Vernon D. Oliver
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**